IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al., <br><br> *Defendants*. | Civil Action No. 5:22-cv-787-JD <br><br> Hon. Jodi W. Dishman |

### PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 5.2, Plaintiff Mark Miles, by and through his parents and next friends, Mia Miles and Max Miles, and Plaintiff Sarah Stiles, by and through her parents and next friends, Steve Stiles and Sue Stiles, (collectively, "Plaintiffs") respectfully move this Court for an order permitting Plaintiffs to bring this action pseudonymously to protect their identities from public disclosure and permitting their parents and next friends also to proceed pseudonymously for the same reason[1] Plaintiffs respectfully submit the following brief in support of their motion.

---

[1] In order to protect their privacy pending consideration of this motion, Plaintiffs have used in their complaint and in this motion the pseudonyms for themselves and their parents and next friends they seek permission to use in this action. Should the Court deny this motion, Plaintiffs will consider either dismissing their claims or amending their complaint to use the names by which they are known. Plaintiff Andrew Bridge, a senior student who is older than Mark Miles and Sarah Stiles and who already came out as transgender at school and is willing to have his status as a plaintiff in this case disclosed, does not seek

# INTRODUCTION

Plaintiffs are Oklahoma public school and public charter school students who are transgender. Plaintiffs bring this action to challenge the legality of recently-enacted Oklahoma Senate Bill 615 ("SB 615"), preliminarily and permanently enjoin it, obtain declaratory relief regarding it, and obtain nominal damages on the basis that SB 615 discriminates against transgender students on its face and as applied to each of the Plaintiffs on the basis of their sex, gender identity, and transgender status in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Title IX of the Education Amendments of 1972.

Plaintiffs seek leave to proceed pseudonymously in this action in order to protect their privacy and safety and avoid exposure to discrimination and harassment, and because they are minors. Plaintiffs' parents and next friends also seek to proceed pseudonymously to further protect the identity of their minor children. As transgender people, Plaintiffs are members of a group subject to frequent instances of discrimination, harassment, and even violence on account of their transgender status. Moreover, a person's transgender status is highly personal and often quite private information that may implicitly reveal sensitive medical information.

Accordingly, Plaintiffs respectfully ask this Court for permission to bring this action using assumed names for themselves and their next friends and parents for the purpose of

---

the relief sought by this motion on his own behalf. Obviously, that he is voluntarily willing to proceed without a pseudonym in no way undercuts the concerns of Plaintiffs who are younger and who have not publicly identified themselves as transgender.

protecting their identity from public disclosure. Plaintiffs have no objection, however, to providing the names they actually use to Defendants and the Court. Finally, in moving to proceed under pseudonyms, Plaintiffs do not intend to prevent the public from observing the proceedings or rulings of this Court under adequate protections, but only to prevent public disclosure of their identity.

## ARGUMENT

Although, as a general matter, a complaint must state the names of all parties, Fed. R. Civ. P. 10(a), "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). In particular, Rule 5.2 of the Federal Rules of Civil Procedure specifically recognizes the need to protect a minor's identity. *See* Fed. R. Civ. P. 5.2(a)(3). The Tenth Circuit has also recognized that plaintiffs should be allowed to proceed anonymously "where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). While "identifying a plaintiff only by a pseudonym is an unusual procedure," it is appropriate "where there is an important privacy interest to be recognized" and is "subject to a decision by the judge as to the need for the cloak of anonymity." *Doe v. Haskell Indian*

*Nations Univ.*, 266 F. Supp. 3d 1277, 1288 (D. Kan. 2017) (quoting *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).[2]

The court may use "informed discretion" to weigh a plaintiff's "right to privacy against the countervailing public interest in determining that the motion to proceed under a fictitious name should be denied." *M.M.*, 139 F.3d at 803. Among the questions courts ask when analyzing a request to proceed pseudonymously are: (1) whether they "involv[e] matters of a highly sensitive and personal nature," *Femedeer*, 227 F.3d at 1246; *M.M.*, 139 F.3d at 803; (2) whether the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *M.M.*, 139 F.3d at 803 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); or (3) whether identification creates a risk of "real danger of physical harm." *Id.* Each of these grounds are present here.

### I. Plaintiffs Should Be Permitted To Proceed Under Pseudonyms Because They Are Minors.

As a rule, minors' identities are protected in court filings by the required use of their initials unless they waive that protection. *See* Fed. R. Civ. P. 5.2(a)(3), 5.2(h). Recognizing the "heightened protection" appropriate for minor plaintiffs, *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), courts frequently allow them to proceed under pseudonyms. *Id.*; *see*

---

[2] The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy. *See, e.g., Honig v. Doe*, 484 U.S. 305 (1988) (suit by minor for violation of Education of the Handicapped Act); *Plyler v. Doe*, 457 U.S. 202 (1982) (suit by undocumented minors for violation of equal protection); *Roe v. Wade,* 410 U.S. 113 (1973) (abortion); *Poe v. Ullman,* 367 U.S. 497 (1961) (birth control). So has the Tenth Circuit. *See*, *e.g*., *Doe v. School Dist. Number 1*, 970 F.3d 1300 (10th Cir. 2020) (high school student suing under Title IX); *Doe v. Oklahoma City University*, 406 Fed. Appx. 248 (10th Cir 2010) (student claiming disability discrimination).

*also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (explaining that "the youth" of plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity" and finding the plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017) ("'[C]hild-plaintiffs' are deemed to be especially vulnerable, warranting their anonymity.").

Not allowing Plaintiffs to proceed pseudonymously, even if they appeared only by initials, will effectively disclose their names and therefore other highly personal information. Here, both Plaintiffs are transgender minors. Given the amount of information in the Complaint about Plaintiffs and their families, schools, and medical histories that was necessary to plead their claims but which does not in itself identify them, the use of pseudonyms is essential to protect their privacy. Other courts have permitted transgender minors and their parents or guardians to use pseudonyms for precisely these reasons. *See, e.g., Doe v. United States*, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016) (allowing minor transgender plaintiff and his parents to proceed anonymously because of the social stigma associated with non-conforming gender identities).

Likewise, Plaintiffs' next friends and parents should be allowed to proceed anonymously. Identifying the parents by name also would effectively identify the minor Plaintiffs. Plaintiffs' next friends and parents should remain anonymous for the same reasons that the minor Plaintiffs deserve the protection of a pseudonym. *See Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*,

687 F.3d 840, 842–43 (7th Cir. 2012); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (permitting plaintiffs to proceed anonymously because the parents and child "share common privacy interests based on their inseparable relationship to one another" and "[o]rdering disclosure of the parents' identities would place—in effect—personally identifiable and confidential information about" the child "in the public record"); *Stegall*, 653 F.2d at 186; *Porter*, 370 F.3d at 558. Courts regularly extend this protection to guardians in cases involving transgender youth. *See, e.g.*, *Doe v. Volusia Cty. Sch. Bd.*, No. 18-102, ECF No. 8 (M.D. Fla. Jan. 30, 2018); *Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. United States*, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

**II.   In Addition to Being Minors, Relevant Factors Weigh Strongly in Favor of Permitting Plaintiffs and Their Parents To Proceed Pseudonymously.**

**A. Denial of the Motion To Proceed Pseudonymously Would Necessarily Require the Disclosure of Highly Sensitive and Personal Information.**

Courts have recognized that a person's transgender status is of an "excruciatingly private and intimate nature" that "is really beyond debate" "for persons who wish to preserve privacy in the matter." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999); *see also Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (holding that "forced disclosure of a transgender person's most private information"--that being "their transgender status"--violates "their constitutional right to informational privacy"); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that "requiring Plaintiffs to disclose their transgender status … directly implicates their fundamental right of privacy"); *K.L. v. State*, 2012 WL 2685183, at *6 (Alaska Super. Ct.

6

Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection."). Simply put, one's gender identity is "among the most intimate parts of one's life." *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. July 6, 1992). "Disclosing that one is transgender involves a deep personal choice which the government cannot compel, unless disclosure furthers a valid public interest." *Arroyo Gonzalez*, 305 F. Supp. 3d at 333.

Recognizing the highly personal and sensitive nature of a person's transgender status, courts have routinely allowed transgender litigants to proceed under a pseudonym. *See, e.g.*, *Foster v. Andersen*, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019); *F.V. v. Barron*, 286 F. Supp. 3d 1131 (D. Idaho 2018); *Doe v. D.C.*, 2016 WL 6088262 (D.D.C. Oct. 18, 2016); *Love*, 146 F. Supp. 3d 848; *Doe v. United Consumer Fin. Servs.*, 2001 WL 34350174 (N.D. Ohio Nov. 9, 2001); *Blue Cross*, 794 F. Supp. at 74 (allowing transgender plaintiff to proceed pseudonymously because "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *Doe v. Alexander*, 510 F. Supp. 900 (D. Minn. 1981); *McClure v. Harris*, 503 F. Supp. 409 (N.D. Cal. 1980), *rev'd on other grounds, sub nom. Schweiker v. McClure*, 456 U.S. 188 (1982); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980).

Furthermore, Plaintiffs' medical condition of gender dysphoria, which they have not disclosed to the general public, would be broadly released to the public at large if this motion is not granted. "There is no dispute that confidential medical information is entitled to constitutional privacy protection." *A.L.A. v. W. Valley City*, 26 F.3d 989, 990 (10th Cir. 1994). Indeed, "[t]he Tenth Circuit Court of Appeals 'has repeatedly interpreted the

Supreme Court's decision in *Whalen* [*v. Roe*, 429 U.S. 589 (1977)] as creating a right to privacy in the non-disclosure of personal information,' including confidential medical information." *Royce v. Veteran Affairs Reg'l Office*, 2009 WL 1904332, at *7 (D. Colo. July 1, 2009) (quoting *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000)); *see also Herring*, 218 F.3d at 1175 (concluding that plaintiff "alleged a violation of a constitutional right to privacy in the non-disclosure of information regarding one's HIV status by a government official"); *cf. Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 549 (D.N.J. 2006) (noting that "many courts have recognized pseudonym use" in cases involving mental health). Accordingly, a medical condition such as gender dysphoria, which is highly private information, warrants protection from disclosure. *See Powell*, 175 F.3d at 112 ("transsexuals are among those who possess a constitutional right to maintain medical confidentiality").

Based on the above, the Court should find Plaintiffs' privacy interests sufficient to proceed pseudonymously.

**B. Disclosure of Plaintiffs' Identities Would Expose Them To The Risk of Stigmatization, Discrimination, Harassment, And Violence.**

Courts have recognized that real danger of physical harm is an "exceptional circumstance warranting some form of anonymity in judicial proceedings." *Femedeer*, 227 F.3d at 1246; *M.M.*, 139 F.3d at 803; *see also Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017). Whereas the risk to one's personal or professional reputation may not, standing alone, constitute sufficient injury to permit a plaintiff to proceed pseudonymously, *see Lindsey*, 592 F.2d at 1125, involuntary disclosure

of a person's transgender status "exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger." *Arroyo Gonzalez*, 305 F. Supp. 3d at 333; *see also F.V.*, 286 F. Supp. 3d at 1137. As numerous courts have recognized, "[t]he hostility and discrimination that transgender individuals face in our society today is well documented." *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014); *see also Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *Karnoski v. Trump*, 2018 WL 1784464, at *10 (W.D. Wash. Apr. 13, 2018) ("The history of discrimination and systemic oppression of transgender people in this country is long and well-recognized."); *Love*, 146 F. Supp. 3d at 856 (noting "there is a great deal of animosity towards the transgender community"); *Adkins v. City of N.Y.*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) ("[T]ransgender people have suffered a history of persecution and discrimination … this is 'not much in debate.'" (citation omitted)).

Indeed, numerous individuals have been murdered in Oklahoma because they are transgender, *see, e.g.*, Muri Assunção, *Oklahoma Transgender Man Shot to Death While Driving His Cab on New Year's Day; Survived by Wife, Four Children*, N.Y. Daily News, Jan 3, 2020, https://www.nydailynews.com/news/crime/ny-transgender-man-shot-to-death-driving-cab-oklahoma-20200103-ss23jcpaovdevlbovx2n72blwe-story.html; *Oklahoma Man Convicted of Killing Transgender Woman*, Okla. Fox 25, April 25, 2019, https://okcfox.com/news/local/oklahoma-man-convicted-of-killing-transgender-woman; An Oklahoma school board member recently publicly urged parents who support their

transgender children to kill themselves. Madison Hall, *An Oklahoma School Board Member Posted a TikTok Telling Parents Who Support Transgender Kids to Kill Themselves*, Insider Feb. 10, 2022, https://www.insider.com/school-board-member-criticized-parents-trans-support-tiktok-2022-2. In addition, a 12-year-old Oklahoma transgender student in Oklahoma was violently threatened by a group of parents with plans to attack the child with a knife and have her beaten up by other students. *See* Mary Emily O'Hara, *Parents Threatening a Transgender Child Caused Entire School District to Shut Down*, Them, Aug. 13, 2018, https://www.them.us/story/parents-threaten-trans-child-student.

Because of the stigma placed upon transgender individuals and the real risks of discrimination, harassment, and violence transgender people face on account of their transgender status, courts regularly have allowed transgender plaintiffs to proceed under pseudonyms. *See, e.g.*, *Blue Cross*, 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (Sup. Ct. 2009) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public"). Indeed, the "most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Blue Cross*, 794 F. Supp. at 74 (citation omitted).

Plaintiffs' well-founded fears are based on the widespread misunderstanding of, and hostility towards, transgender persons, which has resulted in discrimination and harassment, as well as the prevalence of violence against transgender individuals. The threat of physical harm to transgender individuals due to the disclosure of their transgender status is real. As one court recognized, "there exist numerous documented instances of those targeted for violence based on their … gender identity." *In re E.P.L.*, 891 N.Y.S.2d at 621. In this case, some of the Plaintiffs have already been subject to bullying, discrimination and harassment at school because they are transgender. *See* Complaint ¶ 97. Based on the above, Plaintiffs' fears that they will be exposed to an increased risk of discrimination, harassment, and even violence should their transgender status become publicly known are eminently reasonable, especially because the harm threatened is particularly severe.

### C. Denial of the Motion To Proceed Pseudonymously Would Cause the Injury This Litigation Seeks To Avoid.

It would be paradoxical and unjust to require a plaintiff to subject themself to the very harms of discrimination and harassment they seek to prevent through litigation by requiring them to disclose their identity publicly against their will. *See Lindsey*, 592 F.2d at 1125 (explaining "if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid" (citation omitted)); *see also M.T. v. Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 (D. Kan. Feb. 9, 2018) (finding that "the real potential of additional psychological harm—one of the very injuries litigated against—is

enough to outweigh the public interest in disclosure" of the plaintiff's identity). "Justice should not carry such a high price." *Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir 2011). The Court should therefore give due consideration to Plaintiffs' concerns about being forced to maintain the suit in their own name as the cost of bringing a suit to challenge and prevent discrimination.

### III. Granting Plaintiffs' Request To Proceed Pseudonymously Is In The Public's Interest And Would Cause No Prejudice To Defendants.

The protection of constitutional rights is of the utmost public interest, and lawsuits seeking to vindicate and protect those rights by definition serve the public. The "ultimate test" to determine whether a plaintiff may proceed anonymously is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. Catholic Health Initiatives Colo.*, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012). Plaintiffs simply seek to vindicate and protect their constitutional and statutory rights, which apply to all persons in Oklahoma. Forcing an individual to disclose such private and personal information would dissuade other similarly-situated individuals from bringing forth such claims. *Cf. Doe v. Stand. Ins. Co.*, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others …. from asserting their claims.").

Plaintiffs do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Plaintiffs' request is narrowly tailored to prevent

12

solely the disclosure of the minor Plaintiffs' identity and those of their parents and next friends. "Particularly when the public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional rights. *Stand. Ins. Co.*, 2015 WL 5778566, at *3.

Furthermore, Plaintiffs do not seek to withhold their identity from Defendants or the Court but only to proceed pseudonymously to prevent disclosure of Plaintiffs' identity in public documents. Allowing Plaintiffs to proceed under pseudonyms obviously will not prejudice Defendants; Defendants will know each Plaintiff's identity. "[I]t is unclear how [the Court's grant of the requested relief] would ... hinder [] [Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the information necessary to address" the issues in this case without public disclosure of Plaintiffs' names. *Porter*, 370 F.3d at 561; *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (granting motion to proceed under pseudonym where defendant "already kn[e]w Doe's true identity").

## **CONCLUSION**

Plaintiffs' status as minors, the highly sensitive and private nature of the information at issue, and the history of violence, discrimination, and other harm to transgender individuals (including transgender children) and those who defend and associate with them all support granting leave for Plaintiffs and their parents and next friends to proceed pseudonymously in this case. Granting this motion will not prejudice Defendants or the

public. For these and the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to proceed pseudonymously.

Dated: September 6, 2022

                                            Respectfully submitted,

                                            */s/ Megan Lambert*
                                            Megan Lambert

| | |
|---|---|
| Jon W. Davidson* <br> (admitted only in California) <br> Taylor Brown* <br> American Civil Liberties Union Foundation <br> 120 Broad Street, 18th Floor <br> New York, New York 10005-3919 <br> Telephone: (323) 536-9880 <br> Facsimile: (212) 809-0055 <br> jondavidson@aclu.org <br> tbrown@aclu.org | Paul D. Castillo* <br> Nicholas Guillory* <br> Lambda Legal Defense and Education Fund, Inc. <br> 3500 Oak Lawn Ave., Ste. 500 <br> Dallas, Texas 75219 <br> Telephone: (214) 219-8585 <br> Facsimile: (214) 481-9140 <br> pcastillo@lambdalegal.org <br> nguillory@lambdalegal.org |
| Megan Lambert <br> Bar Number 33216 <br> Johanna Roberts <br> Bar Number 33599 <br> American Civil Liberties Union of Oklahoma Foundation <br> PO Box 13327 <br> Oklahoma City, OK 73113 <br> Telephone: (405) 525-3831 <br> Mlambert@acluok.org <br> Hroberts@acluok.org | Mitchell A. Kamin* <br> Covington & Burling LLP <br> 1999 Avenue of the Stars <br> Los Angeles, CA 90067 <br> Telephone: (424) 332-4800 <br> mkamin@cov.com <br><br> Isaac D. Chaput* <br> Covington & Burling LLP <br> Salesforce Tower <br> 415 Mission Street, Suite 5400 <br> San Francisco, CA 94105 <br> Telephone: (415) 591-6000 <br> ichaput@cov.com <br><br> *Attorneys for Plaintiffs* |

*Motion for admission *pro hac vice* forthcoming

## **CERTIFICATE OF SERVICE**

I hereby certify that this motion will be served concurrently with the service of the Summons and Complaint in this matter.

>  */s/ Megan Lambert*
>  Megan Lambert
>  Oklahoma Bar Number: 33216
>  American Civil Liberties Union of
>  Oklahoma Foundation
>  P.O. Box 13327
>  Oklahoma City, OK 73113
>  (405) 524-8511
>  mlambert@acluok.org
>  *Counsel for Plaintiffs*