# ATTACHMENT 6

## DECLARATION OF SUE STILES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Andrew Bridge, et al., *Plaintiffs*, v. Oklahoma State Board of Education, et al., *Defendants*. | Civil Action No.: CIV-22-787-JD |

**DECLARATION OF SUE STILES**

I, Sue Stiles, pursuant to 28 U.S.C. § 1746 declare as follows:

1. My name for the purposes of the above-captioned action is Sue Stiles, a pseudonym.[1] I am the mother of Sarah Stiles, one of the minor plaintiffs in this lawsuit. I am over the age of eighteen (18) and make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the matters stated herein.

2. My daughter Sarah, my husband Steve Stiles, Sarah's older sister, and I all reside in Oklahoma. My daughter Sarah Stiles is a student at Independence Charter Middle School ("ICMS"), which is part of the Harding Independence Charter District ("HICD"). She is also transgender.

---

[1] Sue Stiles, Sarah Stiles, and Steve Stiles are pseudonyms. My daughter (who is a minor), my husband, and I are proceeding under pseudonyms to protect my daughter's right to privacy and to protect her from discrimination, harassment, and violence, as well as retaliation for seeking to protect her rights.

3. In the summer of 2021, Sarah first let her father, Steve Stiles, and I know that she was questioning her gender identity. She let us know that the idea of going through male puberty brought her discomfort. Initially I was shocked, but I love my daughter and just wanted what was best for her. As an initial step, our family began using Sarah's correct pronouns. I also started doing research to better understand and support Sarah.

4. Through our local PFLAG chapter we were recommended a therapist. After assessing Sarah and diagnosing her with gender dysphoria, the therapist recommended that we continue to support Sarah by allowing her to live as a girl in every aspect of her life and seek medical care in support of her transition

5. We began pursuing medical treatment for Sarah's gender dysphoria in April 2022 at Oklahoma Children's Adolescent Medicine ("OU Health").

6. Sarah attended another middle school in Oklahoma during the 2021-2022 school year. I spoke with school staff and administrators about Sarah's gender identity and provided them with resources about supporting transgender youth.

7. Throughout the school year Sarah was harassed and bullied for being transgender. Most of the bullying and harassment stemmed from the school's restroom policy that required Sarah to use the boy's restroom. In the boys' restroom Sarah has been assaulted on multiple occasions, including being struck on her backside and being shoved in the chest.

8. Due to how Sarah was being treated at her former middle school, my husband and I decided to move Sarah to ICMS, a public charter school in Oklahoma City. We heard throughout the community that HICD schools were doing all that they could to

make sure that its transgender students felt welcome by the school community and did not tolerate discrimination.

9. Because ICMS is a public charter school, Sarah had to apply and be selected to attend. We applied to ICMS in February 2022, and we were notified in April 2022 that a seat was available for Sarah.

10. Prior to signing our commitment to enroll Sarah at ICMS, I spoke with an ICMS counselor, the principal of ICMS, and the HICD superintendent. They were all very supportive and assured me that Sarah would be able to use the multiple occupancy girls' restrooms at ICMS. Harding Independence Charter District also has a policy prohibiting, "racism, bigotry, gender bias, and sexual orientation bias," and I was told by the counselor that ICMS's Student Bill of Rights allows students to use the bathroom they identify with or a unisex bathroom. Shortly thereafter, we signed the commitment to enroll Sarah at ICMS for the 2022-2023 school year.

11. Given news reports of several Oklahoma school districts adopting discipline policies as required by SB 615, I contacted the Principal at ICMS on the first day of school—August 10, 2022. I asked whether Sarah would be permitted to use the multiple occupancy girls' restroom used by other girls at her school and, if not, what consequences she could face if she does.

12. In response to my inquiry, Superintendent Stefanik responded that, despite the assurances he provided during our conversations in the spring, SB 615 had since passed and that ICMS and HICD's governance board are obligated to follow the laws passed in Oklahoma. He quoted provisions of SB 615, noted that ICMS would make a single

occupancy restroom available Sarah, and explained that "the HICD staff and community will support the non-discrimination policy set forth by the governance board and help your student feel safe and comfortable at school, outside of the provisions provided in SB 615."

13.     While I was not surprised by this news, I was disappointed that the HICD did not stand up against this policy in the same way that they have stood up against other policies that adversely affected the well-being and safety of their students in the past.

14.     On September 20, I received HICD's September Newsletter which, among other updates, highlighted HICD's new E-36 policy, called "Bathroom/Changing Area Use Based on Sex," which made clear that it was for "compliance with the Oklahoma State Department of Education and SB 615."

15.     Although Sarah is trying the best of a new school under the circumstances, this policy has greatly disappointed Sarah.  We have already noticed this policy start to have a negative impact on Sarah.  She has been warned by a teacher for taking too long to use the restroom and has already been questioned by another student about her use of the single occupancy restroom.

16.     My daughter should have access to the girls' restroom just like every other girl in school.  When Sarah is in other settings outside of school, she uses women's restrooms.  To my knowledge, there has never been an incident or complaint by anyone regarding Sarah's restroom usage outside of school.

17.     Like any other parent I want my daughter to have every chance for success in life.  My top priority is Sarah's mental health and well-being, and SB 615 will directly harm her.  Middle school and high school are hard enough and adding ways in which

students can single out kids is just cruel.

18. Sarah deserves to be treated like every other student. There is no reason it should be a question; my child should be able to use the restroom that is consistent with who she is – a girl.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on September 25, 2022.

*Sue Stiles*
Sue Stiles