IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Andrew Bridge, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Oklahoma State Department of Education, et al.,<br><br>*Defendants*. | Case No.: CIV-22-787-JD |

**PLAINTIFFS' MOTION FOR JUDICIAL NOTICE AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Evidence 201, Plaintiffs Andy Bridge, Mark Miles, and Sarah Stiles (collectively, "Plaintiffs"), by and through their respective parents and next friends, respectfully move this Court to take judicial notice of Exhibits 3–8 and 10–17 to the Declaration of Mitchell A. Kamin in Support of Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum of Law. Plaintiffs respectfully submit the following brief in support of their motion.

## I. INTRODUCTION

In support of their Motion for Preliminary Injunction, filed concurrently herewith, Plaintiffs rely on certain documents describing the Federal financial assistance received by Defendants Oklahoma State Department of Education ("OSDE"), Noble Public Schools ("NPS"), Moore Public Schools ("MPS"), and Harding Independence Charter District, Inc. ("HICD"), and documents describing the adoption and substance of policies implementing

SB615 by the Oklahoma State Board of Education ("SBOE"),[1] NPS, MPS, and HICD. Plaintiffs bring these exhibits to the attention of the Court through this Motion for Judicial Notice in order to establish their suitability to be judicially noticed and to resolve questions of fact.

The matters to be noticed include documents establishing that OSDE, NPS, MPS, and HICD each receive Federal funding and documents comprising official policies and meeting records of NPS, MPS, and HICD. Copies of each of these documents were filed as exhibits to the Declaration of Mitchell A. Kamin in Support of Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum of Law.

## II. JUDICIAL NOTICE PURSUANT TO FRE 201

Federal Rule of Evidence 201 provides that a court may take judicial notice of adjudicative facts:

> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) Taking Notice. The court:
>
> (1) may take judicial notice on its own; or

---

[1] Defendants Joy Hofmeister, Carlisha Bradley, Jennifer Monies, Estela Hernandez, Brian Bobek, Trent Smith, and Sarah Lepak act collectively in their official capacities as members of the SBOE to adopt policies for Defendant SBOE.

> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> (d) Timing. The court may take judicial notice at any stage of the proceeding.

Fed. R. Evid. 201.

As noted in Fed. R. Evid. 201(c)(2), judicial notice is mandatory if a party requests that the court take judicial notice of certain facts and supplies the necessary information to the court. If the parties timely request an opportunity to be heard, the court must grant such an opportunity as to the propriety of taking judicial notice and the tenor of the matter noticed. Fed. R. Evid. 201(e). The object of seeking judicial notice is saving time and increasing the efficiency of the trial proceeding. John Henry Wigmore, *A Pocket Code of the Rules of Evidence in Trials at Law* §2120 (1910).

## III. REQUESTS FOR JUDICIAL NOTICE

Plaintiffs identify the following items for which judicial notice is requested:

### A. Defendants OSDE, NPS, MPS, and HICD Receive Federal Financial Assistance (Exhibits 10–14)

1. **OSDE: Ex. 10** – USASPENDING.gov Recipient Profile for Oklahoma State Department of Education, available at https://www.usaspending.gov/recipient/5eaa4899-bab2-13ca-62b2-c977f0a54546-C/latest.

    a) Defendant Oklahoma State Department of Education is a recipient of Federal financial assistance.

2. **NPS: Ex. 11** – USASPENDING.gov Recipient Profile for Noble School District 40, available at https://www.usaspending.gov/recipient/0637743a-1d70-711e-af95-3e486e8797a9-C/latest.

    a) Defendant Noble Public Schools is a recipient of Federal financial assistance.

3. **MPS: Ex. 12** – USASPENDING.gov Recipient Profile for Moore Independent School District No. 2, available at https://www.usaspending.gov/recipient/fbd800ba-495f-3c00-475d-4505c0ac74d5-P/latest.

   a) Defendant Moore Public Schools is a recipient of Federal financial assistance.

4. **HICD: Ex. 13** – Oklahoma State Department of Education's Oklahoma Charter School Report 2021, noting Federal funds allocated to Defendant HICD's Independence Charter Middle School on p. 9, available at https://sde.ok.gov/sites/default/files/Oklahoma%20Charter%20School%20Report%202021.pdf.

5. **HICD: Ex. 14** – Bylaws of Harding Independence Charter District, Inc., noting Independence Charter Middle School is operated by HICD, available at https://www.hicd.org/541886_3.

   a) Defendant Harding Independence Charter District, Inc. is a recipient of Federal financial assistance.

Facts on governmental websites are subject to judicial notice. *See Bearden v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 2018 WL 11411208, at *1 n.2 (W.D. Okla. Feb. 27, 2018) (citing *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1297 n.4 (10th Cir. 2017)). Exhibits 10–14, which report the funding OSDE, NPS, MPS, and HICD have received from the Federal government, contain such facts and are thus subject to judicial notice.

### B. Defendants NPS, MPS, and HICD Official School District Documents and Proceedings (Exhibits 3–8, 14–17)

These documents were made publicly available by Defendants NPS, MPS, and HICD on various official websites used by the Defendants.

1. <u>NPS</u>

    a) **Board Minutes: Ex. 15** – Noble Public Schools, Meeting Minutes (Sept. 12, 2022), available at https://meeting.assemblemeetings.com/Public/Minutes/300?meeting=502273.

      (1) Ex. 15 at p. 2 – Discussion and vote to adopt GKF (Disciplinary Action for Misuse of School Bathrooms and Changing Facilities) at September 12, 2022 meeting of the Noble Public Schools Board of Education.

    b) **SB615 Disciplinary Policy: Ex. 3** – Noble Public Schools' SB615 Bathroom and Changing Facility Policy, available at https://meeting.assemblemeetings.com/Public/Minutes/300?meeting=502273.

    c) **Disciplinary Policies: Ex. 4** – Noble High School Student Handbook 2022–23, available at https://www.nobleps.com/documents/handbooks-%26-agreements/96012.

      (1) Ex. 4 at pp. 78–81 – "Student Discipline" policies.

2. <u>MPS</u>

    a) **Board Minutes: Ex. 16** – Moore Public Schools, Board of Education Meeting Minutes (Aug. 8, 2022), available at https://go.boarddocs.com/ok/moore/Board.nsf/Public.

      (1) Ex. 16 at p. 3 – Motion and vote to adopt a new board policy entitled "Use/Misuse of Restrooms" at August 8, 2022 meeting of the Moore Public Schools Board of Education.

    b) **SB615 Disciplinary Policy: Ex. 5** – Moore Public Schools, Use/Misuse of School Restrooms and Changing Facilities, available through https://go.boarddocs.com/ok/moore/Board.nsf/Public#.

    c) **Disciplinary Policies: Ex. 6** – Moore Public Schools' Discipline Policy, available at https://go.boarddocs.com/ok/moore/Board.nsf/Public#.

3.  <u>HICD</u>

    a)  **Bylaws: Ex. 14** – Bylaws of Harding Independence Charter District, Inc., noting Independence Charter Middle School is operated by HICD, available at https://www.hicd.org/541886_3.

    b)  **Board Agenda: Ex. 17** – Harding Independence Charter District, Regular Meeting of Governance Board Agenda (Sept. 12, 2022), available through http://www.icmsokc.com/542306_3.

       (1)  Ex. 17 at p. 1 – Approval of Policy E-36, Bathroom/Changing Area Use Based on Sex at the September 12, 2022 meeting of the Governance Board of Harding Independence Charter District.

    c)  **SB615 Disciplinary Policy: Ex. 7** – Harding Independence Charter District, Policy E-36, Bathroom/Changing Area Use Based on Sex, available at https://s3.amazonaws.com/scschoolfiles/2537/pdf_-_hicd_bathroom_policy_e-36.pdf.

    d)  **Disciplinary Policies: Ex. 8** – Independence Charter Middle School's Student Handbook, available at https://www.hardingcharterprep.org/312912_2.

       (1)  Ex. 8 at pp. 34–46 – Describing "Disciplinary Policies & Procedures."

These exhibits from Defendants NPS, MPS, and HICD and their respective school boards' websites are subject to judicial notice as official government documents. *See, e.g.*, *Johnson v. Indep. Sch. Dist. No. 89 of Okla. Cty.*, 2016 WL 1270266, at *4 (W.D. Okla. Mar. 31, 2016) (taking judicial notice of facts gleaned from school board hearing minutes); *Gardner v. Maimi-Yoder Sch. Dist. JT-60*, 2010 WL 4537951, at *1 (D. Colo. Nov. 3, 2010) (taking judicial notice of school board policies). This includes Exhibits 3–8 and 14–17. Exhibit 14 reflects that Independence Charter Middle School is operated by Defendant

HICD. Exhibits 3, 5, and 7 reflect policies adopted by Defendants NPS, MPS, and HICD implementing SB615. Exhibits 15, 16, and 17 reflect school board meeting agendas or meeting minutes documenting the discussion and adoption of the policies reflected in Exhibits 3, 5, and 7. Exhibits 4, 6, and 8 reflect the general disciplinary policies of Noble High School, Moore Public Schools, and Independence Charter Middle School, respectively; the disciplinary policies reflected in Exhibits 4 and 6 are incorporated by reference into the policies reflected in Exhibits 3 and 5, respectively.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Exhibits 3–8 and 10–17 to the Declaration of Mitchell A. Kamin in Support of Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum of Law.

| | |
|---|---|
| DATED: September 29, 2022 | Respectfully Submitted,<br><br> /s/ Mitchell A. Kamin<br>Mitchell A. Kamin |
| Jon W. Davidson (*pro hac vice*)<br>(admitted only in California)<br>Taylor Brown (*pro hac vice*)<br>American Civil Liberties Union Foundation<br>120 Broad Street, 18th Floor<br>New York, New York 10005-3919<br>Telephone: (323) 536-9880<br>Facsimile: (212) 809-0055<br>jondavidson@aclu.org<br>tbrown@aclu.org | Paul D. Castillo (*pro hac vice*)<br>Nicholas Guillory (*pro hac vice*)<br>Lambda Legal Defense and Education Fund, Inc.<br>3500 Oak Lawn Ave., Ste. 500<br>Dallas, Texas 75219<br>Telephone: (214) 219-8585<br>Facsimile: (214) 481-9140<br>pcastillo@lambdalegal.org<br>nguillory@lambdalegal.org |
| Megan Lambert<br>Bar Number 33216<br>Johanna Roberts<br>Bar Number 33599<br>American Civil Liberties Union of Oklahoma Foundation<br>PO Box 13327<br>Oklahoma City, OK 73113<br>Telephone: (405) 525-3831<br>Mlambert@acluok.org<br>Hroberts@acluok.org | Mitchell A. Kamin (*pro hac vice*)<br>Covington & Burling LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067<br>Telephone: (424) 332-4800<br>mkamin@cov.com<br><br>Isaac D. Chaput (*pro hac vice*)<br>Covington & Burling LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-6000<br>ichaput@cov.com<br><br>*Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2022, I filed the attached document with the Clerk of the Court and served the attached document by process server on the following, who are not registered participants of the ECF System.

[1] Oklahoma State Department of Education, [2] Joy Hofmeister, [3] Carlisha Bradley, [4] Jennifer Monies, [5] Estela Hernandez, [6] Brian Bobek, [7] Trent Smith, [8] Sarah Lepak, [9] John O'Connor, [10] Independent School District No. 40 of Cleveland County, Oklahoma, [11] Independent School District No. 2 of Cleveland County, Oklahoma, [12] Independent School District No. 89 of Oklahoma County, Oklahoma, and [13] Harding Independence Charter District, Inc.

/s/ Johanna Roberts
Johanna Roberts