IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| -vs- | ) |
| | ) |
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al., | ) Case No. CIV-22-787-JD |
| | ) |
| Defendants. | ) |

## ANSWER OF OKLAHOMA CITY PUBLIC SCHOOLS

Defendant, Independent School District No. 89 of Oklahoma County, a/k/a Oklahoma City Public Schools ("OKCPS") submits the following answer to Plaintiffs' Complaint for Declaratory Judgment, Injunctive and Other Relief [Doc. 1].

1. OKCPS admits the allegations contained in Paragraphs 8-11, 23, 109-110, and 119-121 of the Complaint.

2. OKCPS has no knowledge of the allegations contained in Paragraphs 1-2, 12-14, 24-50, 52-53, 91-108, 111, 122, 124, 139, 140, and 145 of the Complaint and therefore denies same.

3. OKCPS denies the allegations contained in Paragraphs 55, 58, 142, and 146-147 of the Complaint.

4. Paragraphs 3-6, 51, 54, 57, 112-115, 130, 138, and 144 of the Complaint are statements of law to which a response is not necessary.

5. Paragraph 7 of the Complaint is in the nature of a prayer for relief to which no response is required.

6. OKCPS admits that the Oklahoma State Department of Education ("OSDE") is charged with determining the policies and directing the administration and supervision of the public school system of Oklahoma. OKCPS has no knowledge as to the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies same.

7. OKCPS admits that Joy Hofmeister is the State Superintendent of Public Instruction in Oklahoma. OKCPS has no knowledge as to the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies same.

8. OKCPS admits that "Appointed Board Members" are members of the State Board of Education ("SBOE") and have concurrent responsibility to adopt policies and operate the public school system of the state. OKCPS has no knowledge as to the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies same.

9. OKCPS admits that John O'Connor is the Attorney General for the State of Oklahoma. OKCPS has no knowledge as to the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies same.

10. As to Paragraphs 19, 20, and 22 of the Complaint, OKCPS admits that each school district acts by and through its governing board. OKCPS admits that HICD is chartered by OKCPS and operates Independence Charter Middle School ("ICMS). To the extent the allegations restate the law, a response is not necessary.

11.     As to Paragraph 21 of the Complaint, OKCPS admits that it is a corporate body that acts by and through its governing board which is the Oklahoma City Public Schools Board of Education ("OKCPS BOE"), and that it is the authorized public chartering agency that sponsors HICD. OKCPS admits that it receives federal financial assistance for students who are enrolled in OKCPS but denies that it receives federal financial assistance for Plaintiff Sarah Stiles.

12.     With respect to the allegations in Paragraph 56, OKCPS admits that Oklahoma schools are underfunded and that any decrease in state aid due to the punitive 5% budget cut for violations of SB615 would be unpalatable.

13.     OKCPS admits that Plaintiffs are required to attend school per state statute, but otherwise denies the allegations contained in Paragraph 59 of the Complaint.

14.     Paragraphs 60-90 contain allegations directed to Defendants other than OKCPS such that no response from OKCPS is necessary.

15.     As to the allegations in Paragraphs 116, 117, and 118, OKCPS admits that state law establishes standards of performance which are incorporated into the Charter Contract with HICD. Based on information and belief, OKCPS believes that SBOE issues a "School Report Card" for ICMS and that ICMS has the authority to discipline students including suspending students. OKCPS denies any remaining allegations in these paragraphs.

16.     As to Paragraph 123 of the Complaint, OKCPS admits that SB 615 involves the State's exercise of coercive power and that the provision of public education has been the

traditional function of the State, in conjunction with local school districts. OKCPS denies the remaining allegations contained in Paragraph 123 of the Complaint. OCSA specifically provides that a charter school is liable for its own actions and imposes no liability on a charter school sponsor for the actions of a charter school.

17. Paragraphs 125 and 137 of the Complaint are a reincorporation of facts to which a response is not necessary.

18. As to Paragraphs 126 to 136 of the Complaint, there are no allegations against OKCPS such that a response is not necessary.

19. OKCPS admits that it is a recipient of federal funds as alleged in Paragraph 141 of the Complaint. OKCPS denies that it receives any federal funding as a result of Sarah Stiles enrollment at ICMS and/or HICD. As to the other LEA Defendants, OKCPS has no knowledge as to the remaining allegations and therefore denies same.

20. At this time, OKCPS has not adopted any disciplinary policies relative to SB 615 as alleged in Paragraph 143 of the Complaint. OKCPS has no knowledge as to the actions of the other LEA Defendants and therefore denies same.

21. OKCPS generally denies Plaintiffs *ad damnum* clause seeking damages.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs fail to state the necessary elements for a temporary or permanent injunction.

3. OKCPS is not liable for the actions or policies of HICD and exercises no control over the day to day activities of ICMS and/or HICD. 70 O.S. §3-134(L).

4. OKCPS is in an untenable position of losing significant state funding if it fails to comply with SB 615 of facing lawsuits for disciplining transgender students in accordance with SB 615 which may conflict with federal law.

5. OKCPS at all times acted in good faith and without deliberate indifference.

**WHEREFORE,** having fully answered, OKCPS prays that Plaintiffs request for declaratory judgment be denied, that Plaintiffs take nothing by their Complaint, that their prayer for relief be denied, and that their claims be dismissed together with costs and attorneys fees.

S/Laura L. Holmes
Laura L. Holmes, OBA #14748
Laura L. Holmgren-Ganz, OBA #12342
Justin C. Cliburn, OBA #32223
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800
Facsimile:  (405) 528-5800
E-Mail: LHolmes@cfel.com
E-Mail: LGanz@cfel.com
E-Mail: JCliburn@cfel.com
Attorneys For OKCPS

**Certificate of Service**

I hereby certify that on October 5, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

S/Laura L. Holmes
Laura L. Holmes