# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| -vs- | ) |
| | ) |
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al., | ) Case No. CIV-22-787-JD |
| | ) |
| Defendants. | ) |

## ANSWER OF HARDING INDEPENDENCE CHARTER DISTRICT

Defendant, Harding Independence Charter District, Inc. ("HICD") submits the following Answer to Plaintiffs' Complaint for Declaratory Judgment, Injunctive and Other Relief [Doc. 1].

1. As to the allegations in Paragraphs 1 and 14 of the Complaint, HICD admits that Plaintiff Sarah Stiles is a student enrolled at Independence Charter Middle School ("ICMS") which is operated by HICD and that she is a resident of Oklahoma, but has no knowledge as to the remaining allegations contained in Paragraphs 1 and 14 of the Complaint and therefore denies same.

2. HICD admits the allegations contained in Paragraphs 8-11, 23, 91-92, 102, 109-110, and 119-122 of the Complaint.

3. HICD has no knowledge of the allegations contained in Paragraphs 2, 12-13, 24-50, 52-53, 93-96, 139, and 145 of the Complaint and therefore denies same.

4. HICD denies the allegations contained in Paragraphs 55, 58, 124, 128-129, 131-136, 142-143, and 146-147 of the Complaint.

5. Paragraphs 3-6, 51, 54, 57, 112-115, 130, 138, and 144 of the Complaint are statements of law to which a response is not necessary.

6. Paragraph 7 of the Complaint is in the nature of a prayer for relief to which no response is required.

7. HICD admits that the Oklahoma State Department of Education ("OSDE") is charged with determining the policies and directing the administration and supervision of the public school system of Oklahoma. HICD has no knowledge as to the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies same.

8. HICD admits that Joy Hofmeister is the State Superintendent of Public Instruction in Oklahoma. HICD has no knowledge as to the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies same.

9. HICD admits that "Appointed Board Members" are members of the State Board of Education ("SBOE") and have concurrent responsibility to adopt policies and operate the public school system of the state. HICD has no knowledge as to the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies same.

10. HICD admits that John O'Connor is the Attorney General for the State of Oklahoma. HICD has no knowledge as to the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies same.

11. The allegations in Paragraphs 19 and 20 of the Complaint are not directed to HICD such that no response is necessary. To the extent the allegations restate the law, a response is not necessary.

12. As to Paragraph 21 of the Complaint, HICD admits that OKCPS is a corporate body that acts by and through its governing board which is the Oklahoma City Public Schools Board of Education ("OKCPS BOE") and is the authorized public chartering agency that sponsors HICD. HICD is without knowledge as to the remaining allegations regarding OKCPS and thus denies those allegations.

13. As to Paragraph 22 of the Complaint, HICD admits that it is a charter school sponsored by OKCPS, operates two schools, ICMS and Harding Charter Preparatory High School ("HDP"), directly receives state and federal financial assistance, and is subject to Title IX as a recipient of federal financial assistance.

14. With respect to the allegations in Paragraph 56, HICD admits that Oklahoma schools are underfunded and that any decrease in state aid due to the punitive 5% budget cut for violations of SB615 would be unpalatable.

15. HICD admits that Plaintiffs are required to attend school per state statute but otherwise denies the allegations contained in Paragraph 59 of the Complaint.

16. Paragraphs 60-90 contain allegations directed to Defendants other than HICD such that no response from HICD is necessary.

17. As to the allegations of Paragraphs 97 and 98, HICD admits that Sarah Stiles attended another school prior to August of 2022, that she claimed to have been bullied and harassed for being transgender at the previous school, and that she ultimately enrolled in ICMS for the 2022-2023 school year. HICD is without knowledge as to the other allegations in this paragraph and thus denies the other allegations.

18. With respect to the allegations in Paragraph 99, HICD admits that Sue Stiles met with the principal and a counselor at ICMS, as well as HICD Superintendent Steven Stefanik, and they were supportive. HICD denies the remaining allegations contained in Paragraph 99 of the Complaint.

19. As to the allegations in Paragraph 100, HICD admits that Sue Stiles contacted the principal at ICMS and raised the questions noted in the Complaint and denies the remaining allegations.

20. As to the allegations in Paragraph 101, Superintendent Stefanik informed Sue Stiles that SB 615 had passed and offered a single occupancy restroom for Sarah Stiles to use. HICD admits that he also stated that the HICD staff and community would help Sarah feel safe outside of the provisions of SB 615. HICD denies the other allegations contained in Paragraph 101 of the Complaint.

21. As to the allegations in Paragraph 103, HICD denies the allegations as stated. ICMS has three (3) single occupancy restrooms in the office area which were available for Sarah to utilize.

22. As to the allegations in Paragraphs 104 to 108, HICD is generally without knowledge about these allegations and therefore denies the same. HICD admits that ICMS has several multi-occupancy restrooms that Sarah would pass between the portion of the building where her classes are located and the office where the single-occupancy restrooms are located. HICD also notes that Sarah has not raised any concerns or complaints with the ICMS principal or counselor about the use of the single-occupancy restroom since school began.

23. With respect to the allegations of Paragraph 111, HICD admits that Sarah was admitted to ICMS but denies the remaining allegations of this paragraph. To the extent the allegations restate the law, a response is not necessary.

24. As to the allegations in Paragraphs 116, 117, and 118, HICD admits that state law establishes standards of performance which are incorporated into the Charter Contract with OKCPS. HICD admits that SBOE issues a "School Report Card" for ICMS and that it has the authority to discipline students including suspending students. HICD denies any remaining allegations in these paragraphs.

25. As to Paragraph 123 of the Complaint, HICD admits that SB 615 involves the State's exercise of coercive power and that the provision of public education has been the traditional function of the State, in conjunction with local school districts. HICD denies the remaining allegations contained in Paragraph 123 of the Complaint. HICD is responsible for

and makes its own daily decisions in the operations of its schools, particularly ICMS, and those decisions are not controlled by OKCPS.

26. Paragraphs 125 and 137 of the Complaint are a reincorporation of facts to which a response is not necessary.

27. As to Paragraphs 126 and 139 of the Complaint, there are no allegations against HICD to which a response is not necessary.

28. HICD admits that Plaintiff Sarah Stiles attends HICD, but otherwise denies the allegations contained in Paragraphs 127 and 140 of the Complaint.

29. As to the allegations in Paragraph 141, HICD admits that it is a recipient of federal financial assistance. HICD has no knowledge regarding whether the other LEA Defendants are recipients of federal financial assistance.

30. HICD generally denies Plaintiffs *ad damnum* clause seeking damages.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs fail to state the necessary elements for a temporary or permanent injunction.

3. HICD is in an untenable position of losing significant state funding if it fails to comply with SB 615 of facing lawsuits for disciplining transgender students in accordance with SB 615 which may conflict with federal law.

4. HICD at all times acted in good faith and without deliberate indifference.

**WHEREFORE,** having fully answered, HICD prays that Plaintiffs request for declaratory judgment be denied, that Plaintiffs take nothing by their Complaint, that their prayer for relief be denied, and that their claims be dismissed together with costs and attorneys fees.

S/Laura L. Holmes
Laura L. Holmes, OBA #14748
Laura L. Holmgren-Ganz, OBA #12342
Justin C. Cliburn, OBA #32223
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800
Facsimile: (405) 528-5800
E-Mail: LHolmes@cfel.com
E-Mail: LGanz@cfel.com
E-Mail: JCliburn@cfel.com
Attorneys For HICD

### Certificate of Service

I hereby certify that on October 5, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

S/Laura L. Holmes
Laura L. Holmes
