## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **[1] ANDREW BRIDGE, by his next friends and parents, ELI BRIDGE and AYSHA PRATHER;** | ) ) ) ) |
| **[2] MARK MILES, by his next friends and parents, MAX MILES and MIA MILES; and** | ) ) ) ) ) |
| | ) |
| **[3] SARAH STILES, by her next friends and parents, STEVE STILES and SUE STILES,** | ) ) ) ) |
| *Plaintiffs,* | ) ) ) |
| **v.** | ) ) ) |
| **[1] OKLAHOMA STATE DEPARTMENT OF EDUCATION;** | ) ) ) |
| **[2] JOY HOFFMEISTER, in her official capacity as the State Superintendent of Public Instruction;** | ) ) ) ) ) |
| **[3] CARLISHA BRADLEY, [4] JENNIFER MONIES, [5] ESTELA HERNANDEZ, [6] BRIAN BOBEK, [7] TRENT SMITH, [8] SARAH LEPAK, in their official capacities as members of the Oklahoma Board of Education;** | ) ) ) ) ) ) ) ) |
| **[9] JOHN O'CONNOR, in his official capacity as Oklahoma Attorney General;** | ) ) ) ) |
| **[10] INDEPENDENT SCHOOL DISTRICT NO. 40 OF CLEVELAND COUNTY, OKLAHOMA a/k/a NOBLE PUBLIC SCHOOLS;** | ) ) ) ) ) ) |

Civil Action No. CIV-22-787-JD

0

**[11] INDEPENDENT SCHOOL DISTRICT**
**NO. 2 OF CLEVELAND COUNTY,**
**OKLAHOMA a/k/a MOORE PUBLIC**
**SCHOOLS;**

**[12] INDEPENDENT SCHOOL DISTRICT**
**NO. 89 OF OKLAHOMA COUNTY,**
**OKLAHOMA a/k/a OKLAHOMA CITY**
**PUBLIC SCHOOLS; and**

**[13] HARDING INDEPENDENCE**
**CHARTER DISTRICT, INC.,**

*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## ANSWER OF DEFENDANT MOORE SCHOOL DISTRICT

Defendant Independent Moore School District No. 2 of Cleveland County, Oklahoma, commonly known as the Moore Public Schools ("Moore School District"), for its answer to the claims asserted against it in the Complaint by plaintiff Mike Miles, by his next friends and parents Max Miles and Mia Miles (hereinafter "Miles"), alleges and states as follows.

1.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint, except that it admits, it became the public policy of the State of Oklahoma, via the legislative enactment of Senate Bill 615 ("SB 615"), that to ensure privacy and safety, each public school and public charter school serving students in prekindergarten through twelfth grade in

1

Oklahoma "shall require every multiple restroom or changing room" to be designated for exclusive use of the male and female sexes, respectively, said sex being the gender (male or female) reflected on the individual's original birth certificate. This requirement applies to all individuals, students and non-students alike.

3.      In answer to paragraph 3 of the Complaint, the Moore School District admits that SB 615 (a) contains the language quoted by the plaintiffs, (b) was signed by Governor Stitt on May 25, 2022, and (c) went into effect immediately after being signed by the Governor as it contained an emergency clause. The Moore School District is without sufficient information to either admit or deny the remaining assertions therein.

4.      In answer to paragraph 4 of the Complaint, the Moore School District admits that SB 615 states: "The State Board of Education shall promulgate rules to implement the provisions of this section."

5.      In answer to paragraph 5 of the Complaint, the Moore School District admits that SB 615 states:

> E.      Each school district board of education and public charter school governing board shall adopt a policy to provide disciplinary action for individuals who refuse to comply with the provisions of this section.

6.      The Moore School District denies the allegations contained in paragraph 6 of the Complaint except that the Moore School District admits that SB 615 states: "Upon a finding of noncompliance with the provisions of subsections B and C of this section by the State Board of Education, the noncompliant school district or public charter school

shall receive a five percent (5%) decrease in state funding for the school district or public charter school for the fiscal year following the year of noncompliance."

7.     The Moore School District asserts that no response is required to paragraph 7 of the Complaint as it does not assert any allegations against it but instead asserts a recitation of the claims asserted by the plaintiffs against all party defendants.

8.     The Moore School District denies the allegations contained in paragraph 8 of the Complaint except that it admits plaintiff Miles assert claims against it that are premised on 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq*.

9.     The Moore School District admits the allegations contained in paragraph 9 of the Complaint.

10.     In answer to paragraph 10 of the Complaint and without admitting the plaintiff Miles' right or entitlement to the relief sought against it, the Moore School District admits that the Court has discretionary authority to enter declaratory and injunctive relief against it only as to the claims asserted against it by plaintiff Miles.

11.     In answer to paragraph 11 of the Complaint, the Moore School District admits that venue is proper in the United States District Court for the Western District of Oklahoma as to the claims asserted against the Moore School District by plaintiff Miles.

12.     The Moore School District is without sufficient facts to admit or deny the allegations contained in paragraph 12 of the Complaint.

13.     The Moore School District denies the allegations contained in paragraph 13 of the Complaint except that it admits:

    a.      Plaintiff Mark Miles was born with the identified sex of female;

    b.      Plaintiff Mark Miles is an individual transitioning from the sex of female to the sex of male;

    c.      Pursuant to SB 615 and while on Moore School District grounds, plaintiff Mark Miles is required to use a multioccupancy bathroom or changing area that corresponds to the female sex or a single-occupancy restroom or changing area or risk a disciplinary consequence for failing to comply with these requirements; and

    d.      The claims of Mark Miles are properly brought by his parents and next friends, Max and Mia Miles.

14.     The Moore School District is without sufficient facts to admit or deny the allegations contained in paragraph 14 of the Complaint.

15.     The Moore School District denies the allegations contained in paragraph 15 of the Complaint except that it admits OKLA. STAT. tit. 70, § 1-105(A) states:

> The State Department of Education is that department of the state government in which the agencies created or authorized by the Constitution and Legislature are placed and charged with the responsibility of determining the policies and directing the administration and supervision of the public school system of the state. These agencies are the State Board of Education, the State Superintendent of Public Instruction and any divisions and positions as may be established by law, by the State Board of Education or by the State Superintendent of Public Instruction.

16.     In answer to paragraph 16 of the Complaint, the Moore School District admits (a) defendant Joy Hofmeister is the duly elected Superintendent of State Instruction in the State of Oklahoma, and (b) Oklahoma law reads as it reads. The Moore

School District is without sufficient information to admit or deny the remaining allegations set forth in paragraph 16.

17.      In answer to paragraph 17 of the Complaint, the Moore School District admits (a) defendants Bradley, Monies, Hernandez, Bobek, Smith, and Lepak are appointed members of the Oklahoma State Board of Education, and (b) Oklahoma law reads as it reads. The Moore School District is without sufficient information to admit or deny the remaining allegations set forth in paragraph 17.

18.      In answer to paragraph 18 of the Complaint, the Moore School District admits (a) defendant John O'Connor is the current Attorney General of the State of Oklahoma, and (b) Oklahoma law reads as it reads. The Moore School District is without sufficient information to admit or deny the remaining allegations set forth in paragraph 18.

19.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint except that upon information and belief it admits that Noble Public Schools is an independent school district under Oklahoma law and its legal name is Independent School District No. 40 of Cleveland County, Oklahoma.

20.      The Moore School District admits the allegations contained in paragraph 20 of the Complaint.

21.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint except that upon information and belief it admits that Oklahoma City Public Schools is an independent

school district under Oklahoma law and its legal name is Independent School District No. 89 of Oklahoma County, Oklahoma.

22.     The Moore School District is without sufficient facts to admit or deny the allegations contained in paragraph 22 of the Complaint.

23.     The Moore School District admits the allegations contained in paragraph 23 of the Complaint.

24.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint.

25.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint.

27.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint.

28.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint.

29.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint.

30.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint.

31.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint.

32.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint.

33.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint.

34.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint.

35.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint.

36.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint.

37.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint.

38.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint.

39.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint.

40.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint.

41.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint.

42.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint.

43.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint.

44.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint.

45.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint.

46.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint.

47.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint.

48.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint.

49.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint.

50.     The Moore School District admits the allegations contained in paragraph 50 of the Complaint.

51.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint except that it admits that SB 615 states:

> B.     To ensure privacy and safety, each public school and public charter school that serves students in prekindergarten through twelfth grades in this state shall require every multiple occupancy restroom or changing area designated as follows:

1.    For the exclusive use of the male sex; or
2.    For the exclusive use of the female sex.

52.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint.

53.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 53 of the Complaint.

54.    The Moore School District admits the allegations contained in paragraph 54 of the Complaint.

55.    The Moore School District denies the allegations contained in paragraph 55 of the Complaint.

56.    The Moore School District admits the allegations contained in paragraph 56 of the Complaint.

57.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 57 of the Complaint except that it admits that SB 615 states:

G.    A parent or legal guardian of a student enrolled in and physically attending a public school district or public charter school shall have a cause of action against the public school district or public charter school for noncompliance with the provisions of subsections B and C of this section.

58.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 58 of the Complaint.

59.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 59 of the Complaint except that it admits that Oklahoma law has provisions regarding the mandatory attendance of school by students.

60.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint.

61.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 61 of the Complaint.

62.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint.

63.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 63 of the Complaint.

64.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 64 of the Complaint.

65.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint.

66.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint.

67.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint.

68.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 68 of the Complaint.

69.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 69 of the Complaint.

70.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 70 of the Complaint.

71.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 71 of the Complaint.

72.     The Moore School District denies the allegations contained in paragraph 72 of the Complaint except that it admits:

      a.     Plaintiff Mark Miles was born with the identified sex of female; and

      b.     Plaintiff Mark Miles is an individual transitioning from the sex of female to the sex of male.

73.     The Moore School District admits the allegations contained in paragraph 73 of the Complaint.

74.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 74 of the Complaint.

75.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint except that it admits that plaintiff Mark Miles's birth certificate originally provided to the Moore School District lists his gender as female and plaintiff Mark Miles has openly identified as a male since elementary school.

76.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint except that it admits that plaintiff Mark Miles' parents have been supportive of him.

77.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 77 of the Complaint except that it admits that plaintiff Mark Miles has openly identified as a male in appearance and by preferred name since elementary school.

78.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 78 of the Complaint except that it admits it has received documentation from plaintiff Miles with a diagnosis of gender dysphoria.

79.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 79 of the Complaint.

80.      The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 80 of the Complaint except it admits plaintiff Mark Miles used a separate restroom until he entered high school, at which time he began using the bathroom associated with the gender to which he identified.

81.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 81 of the Complaint except it admits that it received documentation of a legal name change and this is reflected in the records of the Moore School District.

82.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 82 of the Complaint.

12

83.     The Moore School District admits the allegations contained in paragraph 83 of the Complaint except that it denies it had a policy "that students must use the restroom that that matches the sex they were assigned at birth."  Rather, this was the practice of the Moore Public Schools.

84.     The Moore School District admits the allegations contained in paragraph 84 of the Complaint.

85.     The Moore School District denies the allegations contained in paragraph 85 of the Complaint except that it admits:

    (a)     plaintiff Mark Miles' parents requested a copy of the Moore School District's Title IX Grievance Policy;

    (b)     plaintiff Mark Miles' parents filed a Title IX Grievance with the Moore School District; and

    (c)     On June 15, 2022, the Decisionmaker of the Title IX Grievance, J. Douglas Mann, determined:

        (i)     "To date, there has been no determination, by a court of competent jurisdiction to which both MPS [Moore Public Schools] and [plaintiff Miles] are subject, that MPS's requirement that [plaintiff Miles] not use the restroom of his gender identity violates Title IX."

        (ii)     "To date, there has been no determination, by a court of competent jurisdiction to which both MPS and [plaintiff Miles] are subject, which prevents MPS from requiring [plaintiff Miles] to use an SOR [Single Occupancy Restroom]. In fact, such alternative of an SOR is required by S.B. 615 to which MPS has agreed to continue to provide."

(iii)    "As a result, all relief sought by [plaintiff
         Miles] and his parents under his Title IX
         grievance is denied."

86.    The Moore School District is without sufficient information to admit or

deny the allegations contained in paragraph 86 of the Complaint except that it admits (a)

during the pendency of the Title IX grievance filed by his parents, plaintiff Mark Miles

was required to use a single occupancy bathroom at school, and (b) at some time plaintiff

Mark Miles was withdrawn from in-person classes at the Moore School District by his

parents and finished the 2021-2022 school year taking online classes.

87.    The Moore School District is without sufficient information to admit or

deny the allegations contained in paragraph 87 of the Complaint.

88.    The Moore School District admits the allegations contained in paragraph 88

of the Complaint.

89.    The Moore School District admits the allegations contained in paragraph 89

of the Complaint.

90.    The Moore School District is without sufficient information to admit or

deny the allegations contained in paragraph 90 of the Complaint except that it admits

plaintiff Mark Miles began the 2022-2023 school year attending in-person at one of the

Moore School District's high schools.

91.    The Moore School District is without sufficient information to admit or

deny the allegations contained in paragraph 91 of the Complaint.

92.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 92 of the Complaint.

93.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 93 of the Complaint.

94.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 94 of the Complaint.

95.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 95 of the Complaint.

96.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 96 of the Complaint.

97.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 97 of the Complaint.

98.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 98 of the Complaint.

99.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 99 of the Complaint.

100.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 100 of the Complaint.

101.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 101 of the Complaint.

102.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 102 of the Complaint.

103.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 103 of the Complaint.

104.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 104 of the Complaint.

105.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 105 of the Complaint.

106.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 106 of the Complaint.

107.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 107 of the Complaint.

108.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 108 of the Complaint.

109.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 109 of the Complaint.

110.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 110 of the Complaint.

111.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 111 of the Complaint.

112.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 112 of the Complaint.

113.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 113 of the Complaint.

114.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 114 of the Complaint.

115.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 115 of the Complaint.

116.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 116 of the Complaint.

117.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 117 of the Complaint.

118.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 118 of the Complaint.

119.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 119 of the Complaint.

120.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 120 of the Complaint.

121.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 121 of the Complaint.

122.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 122 of the Complaint.

123.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 123 of the Complaint.

124.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 124 of the Complaint.

125.    In answer to paragraph 125 of the Complaint, the Moore School District readopts and realleges its answers to paragraphs 1-124 of the Complaint as though again fully set forth.

126.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 126 of the Complaint.

127.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 127 of the Complaint except that it admits that plaintiff Miles, by and through his parents, asserts claims against the Moore School District.

128.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 128 of the Complaint except that it admits the Complaint asserts what it asserts.

129.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 129 of the Complaint except that it admits that it is a "person" for the purposes of 42 U.S.C. § 1983.

130.    The Moore School District admits the allegations contained in paragraph 130 of the Complaint.

131.    The Moore School District denies the allegations contained in paragraph 131 of the Complaint as they relate to it and is without sufficient information to admit or deny the remaining allegations as to other party defendants.

132.    The Moore School District denies the allegations contained in paragraph 132 of the Complaint.

133.    The Moore School District denies the allegations contained in paragraph 133 of the Complaint.

134.    The Moore School District denies the allegations contained in paragraph 134 of the Complaint.

135.    The Moore School District denies the allegations contained in paragraph 135 of the Complaint.

136.    The Moore School District denies the allegations contained in paragraph 136 of the Complaint.

137.    In answer to paragraph 137 of the Complaint, the Moore School District readopts and realleges its answers to paragraphs 1-124 of the Complaint as though again fully set forth.

138.    The Moore School District admits the allegations contained in paragraph 138 of the Complaint.

139.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 139 of the Complaint except that it admits the Complaint asserts what it asserts.

140.    In answer to paragraph 140 of the Complaint, the Moore School District admits that plaintiff Miles, by and through his parents, assert a Title IX claim against it and the Complaint asserts what it asserts.

141.    The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 141 of the Complaint except that it admits that it receives federal financial assistance.

19

142.     The Moore School District denies the allegations contained in paragraph 142 of the Complaint.

143.     The Moore School District denies the allegations contained in paragraph 143 of the Complaint as they relate to it and is without sufficient information to admit or deny the remaining allegations as to other party defendants.

144.      The Moore School District admits the allegations contained in paragraph 144 of the Complaint.

145.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 145 of the Complaint.

146.     The Moore School District is without sufficient information to admit or deny the allegations contained in paragraph 146 of the Complaint.

147.     The Moore School District denies the allegations contained in paragraph 147 of the Complaint as they relate to it and is without sufficient information to admit or deny the remaining allegations as to other party defendants.

148.     The Moore School District denies the allegations contained in paragraph 148 of the Complaint, Prayer for Relief, as they relate to it and is without sufficient information to admit or deny the remaining allegations as to other party defendants.

149.     The Moore School District denies any and all allegations contained in the Complaint not heretofore fully addressed.

## Affirmative Defenses

150.     The Moore School District asserts that plaintiff Andrew Bridge, by his next friends and parents Eli Bridge and Asha Prather, has failed to state a claim upon which

relief may be granted against it, both with respect to his Equal Protection claim and Title IX claim.

151.   The Moore School District asserts that plaintiff Sarah Stiles, by her next friends and parents Steve Stiles and Sue Stiles, has failed to state a claim upon which relief may be granted against it, both with respect to her Equal Protection claim and Title IX claim.

152.   The Moore School District asserts that plaintiff Miles has failed to state a claim upon which relief may be granted against it, both with respect to his Equal Protection claim and Title IX claim.

153.   The Moore School District asserts that plaintiff Miles has failed to demonstrate he has standing to bring this action against the Moore School District because the policy complained of in his Complaint, arising from SB 615, which is mandated by the State of Oklahoma, thereby severing a causal connection between his claimed injury and the acts or actions of the Moore School District.

154.   The Moore School District asserts that the Title IX claim of plaintiff Miles contains political questions insofar as plaintiff's Title IX claim asks the Court to interpret the language "on the basis of sex," a function that fits squarely within the textually demonstrable legislative authority that Congress delegated to the United States Department of Education (the "USDOE"). *See* 20 U.S.C. § 1682 (stating that the USDOE "is authorized and directed to effectuate the provisions [of Title IX] with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the

financial assistance in connection with which the action is taken. No such rule, regulation, or order shall become effective unless and until approved by the President."). The USDOE is currently in the process of finalizing regulations related to Title IX, and judicial intervention into a process that requires inextricable policy determinations is therefore inappropriate.

155.    The Moore School District asserts that the Title IX claim of plaintiff Miles amounts to a request for an advisory opinion, due to the temporary injunction—currently in effect, issued by the Eastern District of Tennessee—that prohibits enforcement of Title IX guidance interpreting the language "on the basis of sex" as including gender identity in Oklahoma. *See* Case No. 3:21-cv-308 (E.D. Tenn. July 15, 2022). Furthermore, and depending on the language of the finalized Title IX regulations, declaratory judgment issued by this Court may not be instructive or applicable.

156.    The School District asserts that the Title IX claim of plaintiff Miles is not ripe for adjudication, because he has not pleaded disciplinary consequences stemming from application of the policy imposed by SB 615.

157.    The Moore School District asserts that plaintiff Miles is not entitled to equitable relief against it because he is not substantially likely to succeed on the merits of his claims against the Moore School District, he has not been irreparably harmed by Moore School District's alleged discriminatory conduct, and the threatened injury Moore School District would suffer under the injunction outweighs his threatened injury. *See generally Belltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (setting forth requirements for preliminary injunctive relief).

158.    The Moore School District asserts that plaintiff Miles will be unable to show actual success on the merits of hislaims. *See BNSF Ry. Co. v City of Edmond*, 504 F. Supp. 3d 1249, 1262 (W.D. Okla. Nov. 30, 2020) (noting that '[t]he only measurable difference' between the standard required for entry of a preliminary injunction and that for permanent injunctive relief 'is that a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits.").

159.    The Moore School District asserts that plaintiff Miles has failed to identify any currently recognized suspect class relevant to his Equal Protection claim. *See Druley v. Patton*, 601 F. App'x 632, 635 (10th Cir. 2015) (stating "[t]o date, [the Tenth Circuit] has not held that a transsexual plaintiff is a member of a protected suspect class for purposes of Equal Protection Claims.").

160.    The Moore School District asserts that plaintiff Miles has failed to identify any fundamental right at issue in this case prohibiting the unequal treatment about which he complains. *See Druley v. Patton*, 601 F. App'x 632, 635 (10th Cir. 2015) (stating "[u]nequal treatment that does not involve a fundamental right or suspect classification" is justified if it bears a rational relation to a legitimate government interest).

161.    The Moore School District asserts that plaintiff Miles has failed to claim that the Moore School District had any intent to discriminate against him.

162.    The Moore School District asserts that plaintiff Miles has failed to allege that that the Moore School District purposefully discriminated against him.

163.    The Moore School District asserts that plaintiff Miles has failed to claim that the Moore School District had any "ill will," "malice," or other similar bad faith in the Moore School District's alleged discrimination against him. *See Vigil v. S. Valley Acad.*, 247 F. App'x 982, 991 (10th Cir. 2007) (noting that when a plaintiff "does not claim to be a member of a protected class, [they] may bring an equal protection claim as a 'class of one' by proving [they were] 'singled out for persecution due to some animosity . . . wholly unrelated to any legitimate state activity.'").

164.    The Moore School District asserts that plaintiff Miles has failed to identify individuals similarly situated to him "in every material respect." *See Harris v. Pacheco*, 829 F. App'x 331, 333 (10th Cir. 2020) (clarifying that "[t]o prevail on [a] class-of-one equal-protection claim, [a plaintiff] must show that others 'similarly situated in every material respect were treated differently.'").

165.    The Moore School District asserts that plaintiff Miles has failed to allege "that others, 'similarly situated in every material respect,' were treated differently." *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

166.    The Moore School District asserts that the Moore School District's board of education was not the final decisionmaker of any challenged custom, policy, or practice asserted by plaintiff Miles in this action. Rather, such final decisionmaker was the State of Oklahoma. As a result, the Moore School District's liability for plaintiff Miles' equal protection claim brought under Section 1983 fails. *See Milligan-Hitt v. Bd. of Trs. of Sheridan Cty. Sch. Dist.*, 523 F.3d 1219, 1224 (10th Cir. 2008) (explaining that "the

identity of those final policymakers whose conduct can create municipal liability is a "'question of state law.'").

167.    The Moore School District asserts it had no discretion or meaningful choice whether to adopt the challenged policy mandated by SB 615.

168.    The School District asserts that no voluntary, non-state-coerced act of the Moore School District evidences deliberate indifference or a hostile environment on the part of the Moore School District.

169.    The Moore School District asserts that plaintiff Miles has failed to identify any provision of Title IX, or its implementing regulations or guidance—in effect at the time of the filing of the Complaint—that prohibits the challenged policy.

170.    The Moore School District reserves the right to seek leave of court to assert additional affirmative defenses through discovery and trial.

**WHEREFORE**, having fully answered the Complaint of plaintiff Mark Miles, by his next friends and parents Max Miles and Mia Miles, the Moore School District requests that judgment be entered in its favor and against all of the plaintiff Miles' claims, that plaintiff Miles take nothing by way of his claims, and that the Moore School District be awarded its reasonable costs and attorney's fees incurred in the defense of this action and such other relief as the Court deems just and proper.

Respectfully submitted,


s/Kent B. Rainey
Kent B. Rainey, OBA No. 14619
Alison A. Verret, OBA No. 20741
Adam T. Heaven, OBA No. 34966
**ROSENSTEIN, FIST & RINGOLD**
525 South Main, Suite 700
Tulsa, Oklahoma 74103
Telephone: (918) 585-9211
Facsimile: (918) 583-5617

*Attorneys for Independent School District
No. 2 of Cleveland County, a/k/a Moore
Public Schools*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2022 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


s/Kent B. Rainey
Kent B. Rainey