UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, *et al.*, | |
| *Plaintiffs,* | |
| v. | No.   CIV-22-787-JD |
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, *et al.* | |
| *Defendants.* | |

## STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

The Federal Rules of Civil Procedure protect the identity of minors by allowing the use of their initials in lieu of full names. The Federal Rules do not contemplate the use of pseudonyms, and the Tenth Circuit has been particularly reticent to grant pseudonymity. Nevertheless, Plaintiffs go beyond the established protections contemplated by the Federal Rules and ask for their minors and their parents to proceed before this Court under pseudonyms instead of initials. At the same time, Plaintiffs insist that the textual protections of the Federal Rules are sufficient for the protection of any of Defendants' minor or parent witnesses, objecting even to the proposed agreement by Defendants 1–9 ("State Defendants") to allow all parents of minor children to proceed under initials. *See* Doc. 46 at 3–4. Respectfully, this Court should reject Plaintiffs' double-standard and request to proceed pseudonymously. Allowing minors and parents from both sides to proceed under initials more than adequately protects any privacy interest that arises from the involvement of minors.

## ARGUMENT AND AUTHORITIES

As a general and important rule, legal proceedings are public events to which members of the public have a right and interest in accessing. *See M.M. v. Zavaras*, 139 F.3d 798, 800 (10th

Cir. 1998) ("Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society."). Moreover, the public's significant interest in judicial proceedings typically includes knowing the identities of the parties involved. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Consistent with this, the Federal Rules of Civil Procedure require that "the title of the complaint must name all the parties[,]" Fed. R. Civ. P. 10(a), and "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Federal Rules also enumerate the narrow circumstances where protection of privacy overrides the public's right to access details of court proceedings. One of those circumstances, relevant here, allows a party to include only "the minor's initials . . . ." Fed. R. Civ. P. 5.2(a)(3). Here, there is no dispute that the minor plaintiffs may proceed under their initials. *See id.*; *see also* Doc. 46 at 3.

I.   **There is no right to proceed pseudonymously; it is at most a discretionary decision with a strong presumption against pseudonymity.**

The Federal Rules of Civil Procedure do not support a general right to the "unusual procedure" of proceeding in litigation pseudonymously. *See Femedeer*, 227 F.3d at 1246; *see also Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam); *Zavaras*, 139 F.3d at 800; *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017). Because such a practice runs contrary to federal rules, contravenes the public interest, and creates practical difficulties, burdens, and inconveniences in the litigation process, courts should exercise any discretion in this area sparingly. *See, e.g., Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979).

2

In the Tenth Circuit, a plaintiff may "proceed anonymously **only in those exceptional cases** involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (emphasis added) (citing *Doe v. Frank*, 951 F.3d 320, 324 (11th Cir. 1992)); *see also Lindsey*, 592 F.2d at 1125 (proceeding pseudonymously is "allowed only where there is an important privacy interest to be recognized.").

As a practical matter, it appears that the Tenth Circuit has denied virtually every opposed request to proceed anonymously. *See, e.g., Lindsey*, 592 F.2d at 1125 (affirming district court's refusal to allow plaintiff to proceed under pseudonym in case involving malicious prosecution by an inmate); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 418 (10th Cir. 1982) (affirming district court's denial of anonymity in case involving sexual or immoral improprieties of a doctor); *Femedeer*, 227 F.3d at 1246 (denying anonymity in case involving sex-offender status); *Zavaras*, 139 F.3d at 804 (affirming dismissal of complaint by an anonymous plaintiff in case involving an indigent female inmate seeking abortion services); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (unpublished) (affirming district court's denial of a motion to proceed under pseudonym in case involving civil rights litigation); *Triumph Gear Sys., Inc.*, 870 F.3d at 1250 (affirming dismissal of complaint when plaintiffs failed to seek permission to appear anonymously in case involving fear of employer retaliation); *Goico v. Kansas*, 773 F. App'x 1038, 1040 (10th Cir. 2019) (unpublished) (affirming district court's denial of plaintiff's request for anonymity in case involving a challenge to the state's attempts to legalize marijuana). And the Northern District of Oklahoma, last month, ruled against a transgender individual's motion to proceed

pseudonymously—albeit largely on grounds of waiver. *See* Order Doc. 37 in *Fowler v. Stitt*, No. 22-CV-115-GKF, (N.D. Okla. Oct. 11, 2022).

## II.   The Federal Rules of Civil Procedure protect minors through initials.

Again, the Federal Rules of Civil Procedure "make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). The Federal Rules are not, however, blind to circumstances where privacy protections may override the public's right to access details of court records and proceedings. Rule 5.2(a) therefore enumerates those narrow circumstances where, "[u]nless the court orders otherwise," a filing "may include only" certain redacted information. One of the circumstances allows the name of an individual known to be a minor to be shortened to the minor's initials. Fed. R. Civ. P. 5.2(a)(3).

The fact Congress specifically provided for the anonymity of minors *through the use of initials* cannot be ignored or understated. The plain language is an expression of congressional intent, as well as an implicit recognition that using a minor's initials would be sufficient to protect the minor's identity. Moreover, the adequacy of the protection provided by initials is likely informed by the purpose of the adoption of Rule 5.2 in 2007: "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." Fed. R. Civ. P. 5.2, Advisory Committee Notes (citation omitted). Importantly, the congressional intent was to address a specific concern arising from the development of electronic filing and the widespread availability of electronic court documents. For example, a family member, employer, or neighbor may now be able to find court documents with relative ease through a simple name search on Google or PACER. By

allowing minors to proceed under initials, the concern that searching for a minor's name could easily reveal court documents involving the minor is alleviated.

Plaintiffs attempt a strained and atextual interpretation of the language of Rule 5.2 to support their request to proceed under a fictitious name. For instance, Plaintiffs argue that the phrase "[u]nless the court orders otherwise" in Rule 5.2(a) supports pseudonymity, but the most natural reading of "[u]nless the court orders otherwise" in Rule 5.2(a) suggests that Congress intended that the court's discretion—when exercised—would most often be used to *disallow* the use of just initials, as opposed to granting complete anonymity. Doc. 46 at 3–4. Plaintiffs also argue that the statement in Rule 5.2(e) allowing for the "redaction of additional information" following a finding of good case supports pseudonymity, *id.* at 4, but Rule 5.2(e) does not overcome the clear language of Rule 5.2(a); rather, it applies to *other* information *not* previously referenced.

Setting aside Plaintiffs' errant interpretations, no one argues that this Court totally lacks any authority to allow for the use of fictitious names. *See Gibbs*, 886 F.2d at 1245. Nonetheless, as one court made clear when faced with a similar situation to the one here: "[m]inors are entitled to litigate anonymously, but under Fed. R. Civ. P. 5.2(a)(3) the right way to provide anonymity is to use initials rather than generic names such as 'John Doe.'" *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019).

### III.   There is no exceptional reason why utilizing initials is insufficient here.

Because minor Plaintiffs' identities are protected through the use of initials, Plaintiffs' burden here is not just to show that an exceptional circumstance exists to avoid involuntary disclosure of their identity. Rather, Plaintiffs must go even further and show that an

exceptional circumstance exists to embrace pseudonymity over and above the protection for minors that already exists in the federal rules. Indeed, Plaintiffs must go even further than that. Prior to the filing of this motion, State Defendants proposed a mutual agreement between the parties to allow parents of minors to proceed under their initials, which alleviates any concern that disclosure of parent identity may disclose the minor's identity. *See* Doc. 46 at 3.  Thus, it is Plaintiffs' burden to show why pseudonymity is critical here even if both minors *and* parents are proceeding under their initials.

Plaintiffs have not met this burden. Plaintiffs appear to take issue with how Rule 5.2 balances the public interest, but as Plaintiffs have not demonstrated that the use of initials will not preserve their privacy, there is no reason why the public interest would weigh in favor of pseudonymity. If Plaintiffs disagree with Rule 5.2, this legal proceeding is not the proper avenue for challenging it. Because Plaintiffs are protected by the use of their initials, other future plaintiffs will not be dissuaded in any way from bringing similar claims. There is, however, an interest in following the procedure specifically contemplated in Rule 5.2.

To be sure, Plaintiffs assert that, given "the details necessarily provided about Plaintiffs and the schools they attend in the Complaint and in their declarations in support of the pending motion for the preliminary injunction, Plaintiffs could be publicly identified if they and their parents' initials were used rather than being permitted to proceed using pseudonyms in public filings in this case." Doc. 46 at 3. But several personal details provided were not necessary, such as hobbies, favorite subjects, and career plans, and no one forced Plaintiffs to provide them. Again, the Northern District of Oklahoma just declined to grant an adult transgender plaintiff pseudonymity because that plaintiff included "enough specific details"

6

relating to that plaintiff's name change to ensure that the plaintiff's identity could be found "with relative ease." *See* Order Doc. 37 in *Fowler v. Stitt*, No. 22-CV-115-GKF, (N.D. Okla. Oct. 11, 2022). That level of detail has not been provided here, but surely Plaintiffs cannot manufacture exceptional circumstances to ignore the approved federal approach to privacy by including tangential personal details that undoubtedly have a tendency to identify.

In any event, Plaintiffs do not provide any specifics about what details will allow them to be publicly identified by their initials, but not identified by a pseudonym. Rather, Plaintiffs just ask this Court to just accept Plaintiffs' assertion that they will be identified by their initials. Such a conclusory statement does not demonstrate an exceptional circumstance justifying pseudonymity. *See Reimann v. Hanley*, 2016 WL 5792679, at *5 (N.D. Ill. Oct. 4, 2016) (rejecting an inmate's request to proceed pseudonymously even though he had been attacked by fellow inmates two years prior to the litigation); *Student A v. Berkeley Unified Sch. Dist.*, 2017 WL 2171254, at *4 (N.D. Cal. May 17, 2017) ("[p]laintiffs do not provide support for the contention that their identities could be 'readily determined' by their initials.").

Moreover, a plaintiff's subjective fear about potential danger is not enough to merit pseudonymity. Indeed, "the threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Eleventh Circuit has even upheld a rejection of pseudonymity when a named plaintiff was attacked four months after her deposition because there was "insufficient evidence of a causal connection between the … attack and litigation activity." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1248 (11th Cir. 2020) (quotation omitted). Nor has the Tenth Circuit endorsed weighing subjective and lesser threats of psychological harm. *Cf. Raiser v.*

*Brigham Young Univ.*, 127 F. Appx. 409, 411 (10th Cir. 2005) (unpublished) (noting "embarrassment is insufficient to permit anonymity" and that the plaintiff failed to present "any particularized reasons why proceeding publicly would cause him real psychological or physical injury.").

Plaintiffs state that transgender individuals have historically faced hostility and discrimination in society broadly. Doc. 46-1 at 8–9. But Plaintiffs have not demonstrated that they, specifically, face a realistic risk of personal harm stemming from filing this lawsuit and proceeding under their initials. Plaintiffs support their claims by citing the murder of two transgender individuals in the state of Oklahoma that occurred several years ago. *Id.* at 9. While they are both tragedies, neither murder has anything to do with this case. Moreover, there is no indication that either victim was murdered because they were transgender. *Id.* In addition, Plaintiffs' citation of two unfortunate incidents in different school districts does not provide support for the claim that they individually are in danger of personal harm. And, yet again, any fear of personal injury is vitiated by the fact that Rule 5.2 allows anonymity through the use of initials for minors, and State Defendants have agreed to extend that approach to parents.

## IV.  In the alternative, any additional protection granted to Plaintiffs in this case should extend to Defendants' witnesses.

In the event this Court grants all or part of Plaintiffs' requested relief, it should apply that standard equally to all minors and parents on both sides of this case, as the State Defendants advocated for in their compromise offer. *See* Doc. 46 at 3. Potential hostility by no means exists only on one side of the debate over what policy appropriately governs school restrooms, and State Defendants cannot fathom why a parent supporting SB 615 on privacy

and safety grounds should be identified when a parent opposing SB 615 on privacy and safety grounds should not.  This Court should treat the two groups of parties and witnesses the same.

## **CONCLUSION**

For these reasons, State Defendants respectfully ask this Court to deny Plaintiffs' Renewed Motion for Leave to Proceed Pseudonymously, Doc. 46.


Respectfully submitted,

s/ *William Flanagan*
ZACH WEST, OBA #30768
   *Solicitor General*
AUDREY A. WEAVER, OBA #33258
KYLE PEPPLER, OBA #31681
WILLIAM FLANAGAN, OBA #35110
   *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:(405) 521-3921
Zach.West@oag.ok.gov
Audrey.Weaver@oag.ok.gov
Kyle.Peppler@oag.ok.gov
William.Flanagan@oag.ok.gov
*Counsel for State Defendants*
