IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Andrew Bridge, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> Oklahoma State Department of Education, et al., <br><br> *Defendants*. | Case No.: CIV-22-787-JD |

## PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

As demonstrated in Plaintiffs' original and renewed motions for leave to proceed pseudonymously, *see* ECF Nos. 4, 46 (the "Motion"), Plaintiff Mark Miles, by and through his parents and next friends, Max Miles and Mia Miles, and Plaintiff Sarah Stiles, by and through her parents and next friends, Steve Stiles and Sue Stiles (collectively, "Plaintiffs"), have established good cause to proceed pseudonymously in this action. The School Defendants[1] have all consented to Plaintiffs' continued use of pseudonyms. Only the State Defendants[2] stand in the way of protecting Plaintiffs—minor transgender students—from

---

[1] The "School Defendants" include Independent School District No. 40 of Cleveland County, Oklahoma a/k/a Noble Public Schools; Independent School District No. 2 of Cleveland County, Oklahoma a/k/a Moore Public Schools; Independent School District No. 89 of Oklahoma County, Oklahoma a/k/a Oklahoma City Public Schools; and Harding Independence Charter District, Inc.

[2] The "State Defendants" include (1) Oklahoma State Department of Education; (2) Joy Hofmeister, in her official capacity as the State Superintendent of Public Instruction; (3)–(8) Carlisha Bradley, Jennifer Monies, Estela Hernandez, Brian Bobek, Trent Smith, and Sarah Lepak, in their official capacities as members of the Oklahoma Board of Education; and (9) John O'Connor, in his official capacity as Oklahoma Attorney General.

public identification and avoiding the attendant risks that would naturally follow. The State Defendants have not articulated any reason why Plaintiffs' use of pseudonyms would prejudice them or impact whatsoever their defense of this litigation. The State Defendants' baseless objections cannot overcome Plaintiffs' rights to privacy and safety and to avoid exposure to further discrimination and harassment. Plaintiffs' Motion should be granted.

As the authority cited by the State Defendants acknowledges, "courts have permitted a plaintiff to proceed using a fictitious name where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). It is hard to imagine more personal or private information than that concerning adolescents' gender identity and medical information, the disclosure of which would undoubtedly risk stigma, discrimination, and physical harm. *See* ECF No. 4 at 4–11. In attempting to trivialize Plaintiffs' genuine concerns for their privacy and safety, it is telling that the State Defendants go only so far as to claim that it "*appears*" the Tenth Circuit has denied "every opposed request to proceed anonymously." ECF No. 51 at 3 (emphasis added). In so doing, the State Defendants do not cite a single case in which the Tenth Circuit rejected the application of a minor, much less a transgender minor, to proceed pseudonymously.[3] Instead, the State Defendants twice invoke a three-page, unpublished,

---

[3] *See Goico v. Kansas*, 773 F. App'x 1038, 1040 (10th Cir. 2019) (adult plaintiff's mental condition "was not sufficiently embarrassing" to warrant pseudonym and "was not logically linked to the merits of the action"); *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1250 (10th Cir. 2017) (qui tam plaintiffs "neither sought nor received the district court's permission to appear anonymously"); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (plaintiff's name was

non-binding order of the Northern District of Oklahoma denying a transgender man's request to proceed pseudonymously on what the State Defendants concede were "largely" "grounds of waiver" because the transgender man had already disclosed information related to a legal name change in the local newspaper, such that the man's "true identity" could be found "with relative ease." ECF No. 51 at 3–4, 6–7; *Fowler v. Stitt*, No. 22-CV-115-GKF-SH, ECF No. 37 at 3 (N.D. Okla. Oct. 11, 2022).[4] As Plaintiffs' Motion established, their status both as minors and transgender persons—which has not otherwise been publicly disclosed—warrants the requested relief.

Proceeding via pseudonym is entirely consistent with Federal Rule of Civil Procedure 5.2. To start, the State Defendants acknowledge that the Court enjoys "authority to allow for the use of fictitious names." ECF No. 51 at 5. Indeed, the Tenth Circuit has already so recognized, notwithstanding the Federal Rules of Civil Procedure. *See Gibbs*, 886 F.2d at 1245. In any event, Rule 5.2 permits the Court to enter an order protecting plaintiffs beyond just the use of initials, Fed. R. Civ. P. 5.2(a), or requiring the redaction of "additional information," including initials, upon a showing of "good cause," Fed. R.

---

already disclosed during prior litigation); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (plaintiff's "status as a sex offender" had already been disclosed in underlying conviction and disclosure of plaintiff's identity was necessary to apply principles of res judicata and collateral estoppel); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (inmate's identity was "already known" to state agency and staff); *Coe v. U.S. Dist. Court for Dist. of Colo.*, 676 F.2d 411, 418 (10th Cir. 1982) (doctor's "individual and professional privacy rights" were outweighed by "the right of the public to know all of the facts surrounding the formal proceedings posited" with state medical board); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (lack of "social interest in concealment of" identity of prison inmate).

[4] Even in *Fowler*, the court recognized that the transgender man had "an interest in his privacy and being free from harassment and violence." *Fowler*, ECF No. 37 at 2.

3

Civ. P. 5.2(e). *See, e.g.*, *Kluttz v. North Carolina*, 2021 WL 4170429, at *3 (M.D.N.C. Sept. 14, 2021) (finding good cause existed under Rule 5.2(e) to substitute minor and her parent's names with pseudonyms as "narrowly tailored" to protect minor's "physical and psychological well-being").[5] The State Defendants' premise that Rule 5.2 prohibits courts from using anything other than initials for minors cannot be squared with the numerous cases—including in the Tenth Circuit—in which minor plaintiffs and their parents have proceeded using pseudonyms. *See, e.g.*, *Doe v. Sch. Dist. No. 1, Denver, Colo.*, 970 F.3d 1300 (10th Cir. 2020); *Am. Humanist Ass'n, Inc. v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243 (10th Cir. 2017); *see also Roe v. St. Louis Univ.*, 2009 WL 910738, at *3–4 (E.D. Mo. Apr. 2, 2009) (granting request of minor plaintiffs to proceed using pseudonyms in case involving "their personal sexual lives").

Contrary to the State Defendants' assertions, the relief sought by Plaintiffs is narrowly tailored in scope. Plaintiffs did not request leave for all of the named plaintiffs to proceed pseudonymously. To the contrary, as Plaintiff Andrew Bridge is a senior high school student older than Mark Miles and Sarah Stiles and already came out as transgender at school, Andrew and his parents have elected to proceed without pseudonyms. Mark and Sarah, on the other hand, are minors and have not publicly identified themselves as

---

[5] The State Defendants are mistaken in suggesting that "the most natural reading" of Rule 5.2(a) is that courts would "most often" exercise their discretion "to disallow the use of just initials, as opposed to granting complete anonymity." ECF No. 51 at 5. In broadly permitting courts to "order[] otherwise," Rule 5.2(a) contemplates that courts could order some form of relief beyond that expressly delineated therein, including an order authorizing the use of pseudonyms. Furthermore, contrary to the State Defendants' assertion, Rule 5.2(e) does not apply merely to "other information not previously referenced." *Id.* Rather, Rule 5.2(e) recognizes the Court's inherent authority to issue orders for the redaction of additional information, such as initials, upon a showing of good cause.

transgender. Each is at risk of discrimination, harassment, and even violence should their transgender status become publicly known against their will.

The State Defendants nonetheless argue that allowing Plaintiffs to proceed pseudonymously would somehow limit the public's right to access these proceedings. Not so. Plaintiffs do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Nor do Plaintiffs seek to withhold their identity from Defendants or the Court. *Cf. Gibbs*, 886 F.2d at 1245 (observing that unnamed plaintiffs "made no request to the district court for permission to proceed anonymously, nor ha[d] they otherwise disclosed their identities to the court or to the defendants"). Accordingly, no "practical difficulties, burdens, [or] inconveniences in the litigation process" would be created through the use of pseudonyms. *See* ECF No. 51 at 2. Plaintiffs simply wish to ensure that adequate protections are in place to prevent public disclosure of their identity.

According to the State Defendants, proceeding via initials should suffice for that purpose. But the use of pseudonyms does not impair "the public's significant interest in judicial proceedings," ECF No. 51 at 2, any more than does the use of initials. It should therefore be immaterial to the State Defendants whether Plaintiffs proceed via initials or pseudonyms; accepting the State Defendants' premise, the broader public would be identically situated under either approach.[6] The State Defendants offer no reason why Plaintiffs' request to proceed pseudonymously—which they submit is the only way to

---

[6] Indeed, it is curious why the State Defendants so vehemently object to Plaintiffs' use of pseudonyms, particularly given the School Defendants' consent to such practice and the fact that all Defendants and the Court will be informed of Plaintiffs and their parents' identities.

adequately protect their privacy and safety—would impose any additional hardship on the public than would otherwise result through their use of initials.

In recognition of Plaintiffs' legitimate privacy concerns, the State Defendants apparently concede that Mark and Sarah should, at minimum, be permitted to proceed under their initials. *See* ECF No. 51 at 1. But Plaintiffs have already demonstrated that proceeding via initials will not prove sufficient. Given the amount of information in the Complaint about Plaintiffs and their families, schools, and medical histories that was necessary to plead their claims but which does not in itself identify them, the use of pseudonyms is essential to protect their privacy.[7] Nor have Plaintiffs insisted on a "double standard" in requesting to proceed pseudonymously. *See id.* The State Defendants apparently condition their consent to Mark and Sarah's parents proceeding even via initials only if unnamed and unidentified witnesses that may at some point be called by the State Defendants are likewise permitted to proceed under initials. As Plaintiffs previously represented, they have no objection to referring to other minors in this case who appear as parties or witnesses and who do not consent to use of their names or object to the use of

---

[7] It cannot be the case that Plaintiffs forfeit their right to proceed pseudonymously by asserting factual allegations to withstand a challenge to the pleadings, particularly in a setting in which Plaintiffs are challenging the constitutionality of discriminatory legislation. *See* ECF No. 51 at 6–7; *see also Femedeer*, 227 F.3d at 1246 (recognizing plaintiff should be permitted to proceed anonymously "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"); *Coe*, 676 F.2d at 416 (observing that "plaintiffs previously allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity" (citation omitted)). It is not the reference to Plaintiffs' hobbies, favorites subjects, or career plans that risks disclosing their identities, *see* ECF No. 51 at 6, but rather the necessary descriptions of which school they attend or which district that school is in, when they began attending that school, and what level of school they are attending.

their names with initials. But their parents should be required to demonstrate the existence of good cause, just as Mark and Sarah's parents were required to do.[8] The State Defendants' inchoate concern that they might have witnesses whose privacy needs protection does not require Plaintiffs to agree in the abstract to the State Defendants' blanket use of initials for all such witnesses, without any showing of good cause. That certain witnesses presented by the State Defendants might hold unpopular or controversial political opinions regarding SB 615, *see* ECF No. 51 at 8–9, obviously pales in comparison to the risks to minor transgender students' health and safety should their transgender status be disclosed against their will. *Cf. Femedeer*, 227 F.3d at 1246 ("The risk that a plaintiff may suffer some embarrassment is not enough."). And the need for pseudonyms for Mark and Sarah's parents arises not from the fact that they "oppose[]" SB 615, ECF No. 51 at 9, but because the disclosure of their identity would necessarily result in the disclosure of Mark and Sarah's identity.

For the foregoing reasons, and those identified in the Motion, the Court should grant Plaintiffs' motion to proceed pseudonymously.

---

[8] To that end, Plaintiffs did not oppose the State Defendants' recent request to maintain under initials the declaration submitted by R.A. in response to Plaintiffs' motion for preliminary injunction. *See* ECF No. 58. Consistent with their proposal with respect to Mark and Sarah, the State Defendants reasonably requested that the State Defendants disclose the identity of R.A. to Plaintiffs and their counsel, who agreed to maintain the confidentiality of such information for use only in this litigation.

| | |
|---|---|
| DATED: November 21, 2022 | Respectfully Submitted, |
| | */s/ Isaac D. Chaput*<br>Isaac D. Chaput |
| Jon W. Davidson (*pro hac vice*)<br>(admitted only in California)<br>Taylor Brown (*pro hac vice*)<br>American Civil Liberties Union<br>Foundation<br>120 Broad Street, 18th Floor<br>New York, New York 10005-3919<br>Telephone: (323) 536-9880<br>Facsimile: (212) 809-0055<br>jondavidson@aclu.org<br>tbrown@aclu.org | Paul D. Castillo (*pro hac vice*)<br>Lambda Legal Defense and<br>Education Fund, Inc.<br>3500 Oak Lawn Ave., Ste. 500<br>Dallas, Texas 75219<br>Telephone: (214) 219-8585<br>Facsimile: (214) 481-9140<br>pcastillo@lambdalegal.org |
| Megan Lambert<br>Bar Number 33216<br>Johanna Roberts<br>Bar Number 33599<br>American Civil Liberties Union of<br>Oklahoma Foundation<br>PO Box 13327<br>Oklahoma City, OK 73113<br>Telephone: (405) 525-3831<br>Mlambert@acluok.org<br>Hroberts@acluok.org | Mitchell A. Kamin (*pro hac vice*)<br>Covington & Burling LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067<br>Telephone: (424) 332-4800<br>mkamin@cov.com<br><br>Isaac D. Chaput (*pro hac vice*)<br>Covington & Burling LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-6000<br>ichaput@cov.com<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2022, I electronically filed Plaintiffs' Reply in Support of Renewed Motion for Leave To Proceed Pseudonymously with the Clerk of the Court via the Court's CM/ECF system, which effects service upon all counsel of record.

                                                */s/ Isaac D. Chaput*
                                                Isaac D. Chaput