UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, *et al.*,<br>         *Plaintiffs,*<br>v.<br>OKLAHOMA STATE DEPARTMENT OF EDUCATION, *et al.*<br>         *Defendants.* | No.  CIV-22-787-JD |

**STATE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' REPLY AFFIDAVITS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, MOTION TO FILE SURREPLY**

In Plaintiffs' reply in support of their motion for preliminary injunction, Doc. 62, Plaintiffs attach three exhibits containing over 100 new pages of evidentiary material: a supplemental declaration of Sue Stiles, Doc. 62-1, a supplemental expert declaration from Stephanie Budge, Doc. 62-2, and two declarations submitted *over six years ago* in a different case—declarations from witnesses who did not appear in Plaintiffs' opening materials, Doc. 62-3. Plaintiffs raise these new evidentiary materials, and rely on them, for the first time in their reply brief. Accordingly, pursuant to Fed. R. Civ. P. 6(c)(2), State Defendants respectfully request this Court strike the new materials presented with Plaintiffs' reply and/or decline to rely on the same. In the alternative, pursuant to Local Rule 7.1(i), State Defendants request leave to respond to Plaintiffs' new evidentiary materials in a surreply.

**ARGUMENT AND AUTHORITIES**

The Federal Rules of Civil Procedure provide that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). "Any" and "must" are broad and mandatory terms, respectively. *See, e.g.*, *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 93 (2006)

1

(describing "every" and "any" as "broad terms . . . ."); *Cincinnati Ins. Co. v. AMSCO Windows*, 593 Fed. App'x 802, 809 (10th Cir. 2014) (unpublished) (observing that the terms "must" and "shall" are "traditionally interpreted as mandatory . . . ."). As the Tenth Circuit has noted regarding a prior version of this rule: "[t]he language of the rule is clear. Affidavits in support of a motion must be served with the motion." *In re Stone*, 588 F.2d 1316, 1321 (10th Cir. 1978). Accordingly, reply briefs should generally avoid introducing new evidentiary materials or new arguments. *See, e.g.*, *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("[T]he court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in Sprint's reply brief."); *Pimentel & Sons Guitar Makers v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005) (noting, in preliminary injunction context, that "courts disfavor new arguments and evidence in a reply brief"); *Tex. Health & Human Servs. Comm'n v. United States*, 166 F. Supp. 3d 706, 710 n.4 (N.D. Tex. 2016) ("offering new evidence in a reply brief is improper"). Disfavoring the introduction of new evidentiary material attached to a reply brief is further consistent with the local rules, which state that reply briefs are "not encouraged" in the first place. LCvR7.1(i).

Generally, when a moving party raises new evidentiary materials for the first time in a reply brief, the district court has "two permissible courses of action" within its discretion. *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998); *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). The court can either (1) refrain "from relying on any new material contained in the reply brief[,]" or (2) permit a surreply, if requested. *Beaird*, 145 F.3d at 1164; *see also Green*, 420 F.3d at 1196-97; *Logan v. Sabre*, 314 F. App'x 123, 125 (10th Cir. 2009) (unpublished); *Pimental*, 229 F.R.D. at 210-11; *Baugh v. City of Milwaukee*, 823 F. Supp. 1452,

1457 (E.D. Wis. 1993) ("Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion … or else strike that new evidence."). As one court observed, the rule disfavoring new materials in a reply ensures that the non-moving party is "given sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice." *Tishcon v. Soundview Commc's*, Civ. Act. No. 1:04-CV-524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005). "Justice is not served," that court wrote, "by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject." *Id.*

This Court should strike Plaintiffs' new evidentiary materials and/or decline to rely on them for this Court's decision on a preliminary injunction. Plaintiffs had the opportunity to submit most, if not all, of the new materials at the time they filed their motion on September 29. For example, in the supplemental declaration of Sue Stiles, she describes events occurring on September 27, 2022—two days before Plaintiffs filed their motion and submitted the first declaration of Sue Stiles. *Compare* Doc. 62-1 at ¶ 4 *with* Doc. 24-6.

Even more troubling, Plaintiffs had ample opportunity (to say the least) to submit the two 2016 declarations from a different case, *United States v. North Carolina*, No. 16-cv-425 (M.D.N.C.), at the time they filed their motion. *See* Doc. 62-3. Even courts that have been more open to reply affidavits, contra the plain text of Rule 6(c)(2), have emphasized that foreseeability matters. *See, e.g., Baugh*, 823 F. Supp. at 1456–57 (asserting that barring reply

3

affidavits entirely "would allow the party opposing the motion to gain an unfair advantage by submitting issues and evidentiary support that were *unforeseen* at the time the motion was first proffered" (emphasis added)).

Here, Plaintiffs cannot seriously contend that the issues raised by State Defendants in their response and affidavits relating to public safety were somehow "unforeseen" when they filed their original motion. To the contrary, the very law they are challenging is anchored on ensuring "privacy *and safety*," OKLA. STAT. tit. 70, § 1-125(B) (emphasis added), and their own brief in support of an injunction practically dared the State to provide evidence of safety concerns, *see* Doc. 24 at 17 ("The legislature provided no evidence of privacy or safety offenses … Defendants' justification for SB615 is not genuine and should be rejected. … [T]here is no evidence-based, actual reason for their discriminatory policies …."). That State Defendants would do so cannot, therefore, be considered a surprise. This is especially so given that the type of evidence produced by State Defendants is not new, as is verified by the very affidavits Plaintiffs now submit. *See, e.g.*, Doc. 62-3, at ¶¶ 2-3 ("My opinions stem primarily from my assessment of Mr. Lanning and Mr. Hutchison's opinions as to the public safety risks created by allowing individuals to access restrooms and changing facilities consistent with their gender identity …."). To allow Plaintiffs to wait until Defendants have produced evidence of safety considerations and *then* put forth safety evidence improperly flips the entire script of litigation, prejudicing Defendants. Plaintiffs knowingly decided, for whatever reason, not to include these types of materials in their motion seeking an injunction, and they should be held that

4

decision. *See Tishcon*, 2005 WL 6038743 at *8 (striking reply affidavits that were "offered and intended to replace inadequate evidentiary submissions" in original motions).[1]

Finally, as to the supplemental declaration of Stephanie Budge, not only is it untimely, but her *Daubert*-esque legal opinions about the qualifications of State Defendants' experts are inappropriate for the resolution of a preliminary injunction. A preliminary injunction "is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits[,]" and "[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (citation omitted); *see also* Doc. 62 at 13 n.6.[2] Budge's conclusory opinions about the strength of State Defendants' experts' declarations are also unhelpful, as such matters which are within the province of the Court to weigh.

## RELIEF REQUESTED

In sum, this Court should strike the new materials contained in Plaintiffs' reply from the record and decline to rely on the same in ruling on the motion. At a bare minimum, it

---

[1] Also concerning is Plaintiffs' indication that they are offering these two affidavits as hearsay. Doc. 62 at 13 n.6. Although hearsay evidence is not necessarily prohibited in a motion for preliminary injunction, *see infra*, Plaintiffs' statement implies that the declarants aren't actually willing, prepared, or available to testify in this case. The single judicial decision Plaintiffs rely upon involved a traditional hearsay statement and said nothing about the propriety of introducing—in a reply brief—affidavits pulled from an entirely different case. *See Begay-Platero v. Gallup McKinley Cnty. Sch. Dist.,* No. 18-CV-00861-PJK-SCY, 2019 WL 2008888, at *2 (D.N.M. May 7, 2019) (plaintiff testified "that she once heard Superintendent Hyatt comment to an MCHS financial administrator that MCHS was not following the financial procedures of the School District.").

[2] And to the extent this Court is inclined to exclude or limit certain evidence submitted by State Defendants under Plaintiffs' arguments under the Federal Rules of Evidence, *see, e.g.,* Doc. 62 at 12 n. 5, State Defendants request an opportunity to respond.

should strike the two hearsay affidavits from six years ago in a different case that were easily foreseeable when Plaintiffs filed their original motion. In the alternative, this Court could allow State Defendants a meaningful opportunity to submit additional rebuttal arguments or evidence in a surreply. *See Green*, 420 F.3d at 1196 ("[T]he nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."). Or the Court could do some combination of both. It could, for example, strike the two six-year-old affidavits from new witnesses but allow a short surreply to the materials from Sue Stiles and Dr. Budge, since they at least have already appeared in the case prior to the reply.

State Defendants respectfully request all other and further relief as the Court deems necessary, including a reasonable deadline for the submission of any surreply that will allow State Defendants adequate time to coordinate with their expert witnesses for the preparation of any necessary rebuttal declarations. State Defendants believe the surreply and rebuttal declarations could reasonably be submitted within fifteen (15) days of an order on this Motion.

Pursuant to Local Rule 7.1(k), on December 6, 2022, undersigned counsel contacted Plaintiffs' counsel about this Motion. Plaintiffs' counsel represented that Plaintiffs oppose the relief requested.

Respectfully submitted,

*s/ Audrey Weaver*
ZACH WEST, OBA #30768
  *Solicitor General*
KYLE PEPPLER, OBA #31681
AUDREY A. WEAVER, OBA #33258
William Flanagan, OBA #35110
  *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
  STATE OF OKLAHOMA

6

 313 N.E. 21st Street
 Oklahoma City, OK 73105
 Phone:   (405) 521-3921
 Zach.West@oag.ok.gov
 Kyle.Peppler@oag.ok.gov
 Audrey.Weaver@oag.ok.gov
 William.Flanagan@oag.ok.gov
 *Counsel for State Defendants*