IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELI BRIDGE, on behalf of Andrew Bridge, a minor, by his next friends and parents, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-22-00787-JD<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is State Defendants'[1] Motion to Strike Plaintiffs' Reply Affidavits in Support of Motion for Preliminary Injunction or, in the Alternative, Motion to File Surreply ("Motion"). [Doc. No. 64]. Pursuant to LCvR7.1(g), the Court set this matter for expedited briefing. Order [Doc. No. 65]. Plaintiffs responded in opposition. [Doc. No. 66]. The matter is fully briefed and at issue.

State Defendants ask the Court to strike affidavits attached to Plaintiffs' Reply in support of the Motion for Preliminary Injunction [Doc. No. 62]. Those include a supplemental affidavit by Sue Stiles, a parent of Plaintiff Sarah Stiles, [Doc. No. 62-1], a supplemental affidavit by Dr. Stephanie Budge [Doc. No. 62-2], and two affidavits

---

[1] State Defendants mean (1) Oklahoma State Department of Education, (2) Joy Hofmeister, in her official capacity as the State Superintendent of Public Instruction, (3)–(8) Carlisha Bradley, Jennifer Monies, Estela Hernandez, Brian Bobek, Trent Smith, and Sarah Lepak, all in their official capacities as members of the Oklahoma Board of Education, and (9) John O'Connor, in his official capacity as Oklahoma Attorney General.

submitted by witnesses in cases before other courts [Doc. No. 62-3]. Alternatively, State Defendants seek leave to submit a surreply in response to these materials.

This lawsuit concerns the enactment of Senate Bill 615 by the Oklahoma Legislature. S.B. 615, codified at Okla. Stat. tit. 70, § 1-125, mandates that public and charter schools "require every multiple occupancy restroom or changing area" to be designated "for the exclusive use of" the male or female sex, which is defined by the statute as "the physical condition of being male or female based on genetics and physiology, as identified on the individual's original birth certificate." The statute states that it is meant "[t]o ensure privacy and safety." *Id.* § 1-125(B).

Plaintiffs argue in their Motion for Preliminary Injunction that S.B. 615 causes them irreparable harm as an infringement on their constitutional and statutory rights and because it results in shame, stigma, and invalidation. Plaintiffs each submitted affidavits explaining how S.B. 615 harms them. State Defendants responded, arguing that "complaints of experiencing feelings of shame, stigma, marginalization, emotional distress, and the like from using the single-occupancy accommodation restroom are speculative and insufficient to establish irreparable harm." Response to the Motion for Preliminary Injunction [Doc. No. 54] at 26. Plaintiffs then attached to their reply a supplemental affidavit by Sue Stiles, which describes an event that occurred after she executed her initial affidavit relating to her claim that S.B. 615 harms Plaintiff Sarah Stiles.

In her affidavit attached to the Motion for Preliminary Injunction [Doc. No. 24], Dr. Budge explains that "excluding students from facilities consistent with their gender

2

identity" causes them harm. [Doc. No. 24-7 at ¶¶ 54–68]. She also explains that "the evidence does not support" the contention that "transgender people are a threat to the safety of other people when they use restrooms that do not correspond to the sex they were assigned at birth." *Id.* at ¶ 69. State Defendants responded, arguing in support of the privacy and safety rationales for S.B. 615. With their response, State Defendants also submitted affidavits by two witnesses who challenge Dr. Budge's opinions: Dr. Debra Soh and Dr. James Cantor. [Doc. Nos. 54-5, 54-6]. Plaintiffs then attached to their reply a supplemental affidavit by Dr. Budge [Doc. No. 62-2], which in turn attacks the qualifications of Dr. Soh and Dr. Cantor along with their opinions.

Finally, in support of their argument that S.B. 615 has no compelling, important, or legitimate government interest, Plaintiffs attached to their reply two affidavits submitted in other cases before other courts. [Doc. No. 62-3]. According to the reply, these declarations by "law enforcement officials" also explain that there is no evidence supporting the contention that a government interest in safety is furthered by laws like S.B. 615. [Doc. No. 62 at 19].

In the Motion before the Court, State Defendants ask the Court to strike all or some of these affidavits. As authority for this request, they cite to Federal Rule of Civil Procedure 6(c)(2), which requires that "[a]ny affidavit supporting a motion must be served with the motion." They also point to cases stating that courts disfavor new arguments and evidence in a reply brief. Motion at 2.

The Court agrees with State Defendants that reply briefs should not raise new arguments or present evidence on new matters. Local Civil Rule 7.1(i) clearly

contemplates that reply briefs should be limited to responding to arguments asserted in a response brief. Typically, courts either permit a non-movant to respond to new matters raised in a reply brief or disregard the new matters in the ultimate decision on the motion. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

Each of the affidavits submitted with Plaintiffs' reply brief includes something new. The affidavit submitted by Sue Stiles is evidence of a new incident that is not included in Plaintiffs' initial motion materials, the supplemental affidavit by Dr. Budge raises new issues, and the two affidavits submitted in other cases before other courts are clearly new to this case. These materials all generally relate to issues and arguments raised by Plaintiffs in the initial motion, but they are new materials to which State Defendants have not been afforded an opportunity to respond.

Rather than striking them or disregarding them in the Court's ultimate decision on the Motion for Preliminary Injunction [Doc. No. 24], the Court finds that the better solution is to permit State Defendants to submit a limited surreply that raises no new issues and responds only to the new matters in the reply brief identified by State Defendants in the Motion.

IT IS THEREFORE ORDERED that State Defendants' Motion to Strike Plaintiffs' Reply Affidavits in Support of Motion for Preliminary Injunction or, in the Alternative, Motion to File Surreply [Doc. No. 64] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that State Defendants may file a limited surreply as set forth herein by Friday, January 6, 2023. The surreply shall not exceed 20 pages.

IT IS SO ORDERED this 20th day of December 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE