IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Andrew Bridge, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> Oklahoma State Department of Education, et al., <br><br> *Defendants*. | Case No. CIV-22-787-JD |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Pursuant to LCvR7.1(m), Plaintiffs Andrew Bridge, Mark Miles, and Sarah Stiles (collectively, "Plaintiffs" or the "Students") respectfully provide this Notice of Supplemental Authorities in connection with their pending Motion for Preliminary Injunction, filed September 29, 2022. *See* Mot. for Prelim. Inj., Dkt. 24.

In *Doe v. Ladapo*, 2023 WL 3833848 (N.D. Fla. June 6, 2023), the Northern District of Florida preliminarily enjoined enforcement of a Florida statute that prohibits minors who are transgender from receiving, and doctors from prescribing to minors who are transgender, GnRH agonists, colloquially known as "puberty blockers," to stop or delay normal puberty. *Id.* at *3.[1] Parents of three transgender children brought an action against the Florida Surgeon General and other Florida medical officials alleging that the Florida statute violated the Equal Protection Clause.

---

[1] A copy of the *Doe v. Ladapo* decision is attached hereto as Exhibit 1.

In granting the parents' motion for a preliminary injunction, the *Ladapo* court discussed at length issues concerning gender identity and relevant standards of care for transgender youth. *Id.* at *1–6. The court recognized that almost all people have a "natal sex"—external sex characteristics and accompanying chromosomes—as well as a "gender identity"—"a deeply felt internal sense of being male or female." *Id.* at *1–2. The court recognized that "[g]ender identity is real." *Id.* at *2. These findings accord with the evidence set forth in the record here on the Students' Motion for Preliminary Injunction, including the expert testimony of Dr. Stephanie L. Budge and the Students' respective declarations in support of that motion. *See* Dkts. 24-1–24-8, 62-1–62-3.

Consistent with the Students' argument here with respect to their claims under the Equal Protection Clause challenging SB 615, the *Ladapo* court applied intermediate scrutiny to the parents' Equal Protection claims because the Florida statute drew a line based on sex because to decide whether a treatment was legal or illegal required knowing an individual's natal sex. 2023 WL 3833848, at *8. The court also concluded that the Florida statute discriminated on the basis of transgender status, or gender nonconformity, providing a separate and independent basis for the application of intermediate scrutiny. *Id.* at *8–9. The court further reasoned that *Geduldig v. Aiello*, 417 U.S. 484 (1974), did not preclude the application of heightened scrutiny when transgender and cisgender individuals are subject to differential treatment, 2023 WL 3883848, at *10, as the Students here have demonstrated with respect to their ability to access school restrooms consistent with their gender identity. *See* Pls.' Supplemental Br. Regarding *Adams v. School Board of St. Johns County* at 8–9, Dkt. 73.

The *Ladapo* court went on to find that the Florida statute was not even rationally related to a legitimate state interest. 2023 WL 3883848, at *10. The court also held that "[s]tate action motivated by purposeful discrimination, even if otherwise lawful, violates the Equal Protection Clause." *Id. Ladapo* thus provides further support for the conclusion that there is a substantial likelihood the Students will prevail on their Equal Protection claims. *See* Mot. for Prelim. Inj. at 12–19; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 5–13, Dkt. 62.

The Students anticipate that the State Defendants may direct the Court's attention to the recent decision in *Fowler v. Stitt*, 2023 WL 4010694 (N.D. Okla. June 8, 2023), in which the court dismissed claims brought by transgender individuals alleging that the State of Oklahoma's refusal to issue revised birth certificates consistent with their gender identity violated the Equal Protection Clause.[2] In *Fowler*, Judge John Broomes of the U.S. District Court for the District of Kansas, visiting in the Northern District of Oklahoma, applied rational basis review to alleged "classifications based on transgender status." *See id.* at *17–24. In so doing, the *Fowler* court relied heavily on the Tenth Circuit's nearly thirty-year-old decision in *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995)—a decision which (unlike this case) did not consider or analyze a sex-discrimination claim. *See Fowler*, 2023 WL 4010694, at *20.

The Students respectfully submit that *Fowler* was wrongly decided, ignores *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), misconstrues the Tenth Circuit's decision in

---

[2] A copy of the *Fowler v. Stitt* decision is attached hereto as Exhibit 2.

3

*Brown*, and stands as an outlier, at odds with the overwhelming weight of authority throughout the country, from both federal appellate and district courts, holding that restrictions on transgender students' access to multiple occupancy restrooms matching their gender identity discriminate based on sex, transgender status, gender conformity, and/or sex stereotypes and violate or likely violate the Equal Protection Clause. *See, e.g.*, Mot. for Prelim. Inj. at 12 & n.6.

The U.S. Department of Justice ("DOJ") has argued that *Brown* should not preclude courts' application of intermediate scrutiny to claims asserted by transgender individuals. In *Poe v. Drummond*, No. 23-cv-177 (N.D. Okla.), the DOJ recently submitted a statement of interest to advise the court of the United States' view that, by denying transgender minors access to medically necessary and appropriate care, Oklahoma Senate Bill 613[3] violates the Equal Protection Clause. *See* DOJ Statement of Interest at 1.[4] The DOJ's Statement of Interest compellingly explains why lower courts in the Tenth Circuit need not follow *Brown*'s reliance on since-overturned precedent, particularly in the absence of developed argument by the *pro se* plaintiff in *Brown*. *See id.* at 11, 14–15.

Finally, in *Grabowski v. Arizona Board of Regents*, 2023 WL 3961123 (9th Cir. June 13, 2023), the Ninth Circuit recently held that although *Bostock v. Clayton County*,

---

[3] Oklahoma Senate Bill 613, challenged in *Poe v. Drummond*, "conditions the medical care a minor may receive on the sex that person was assigned at birth, prohibiting health care providers from administering medically necessary care for transgender minors with a diagnosis of gender dysphoria, while leaving non-transgender minors free to receive the same procedures and treatments." DOJ Statement of Interest at 1.

[4] A copy of the DOJ's Statement of Interest in *Poe v. Drummond* is attached hereto as Exhibit 3.

140 S. Ct. 1731 (2020), involved Title VII claims, its reasoning applies with equal force to Title IX claims.[5] *Grabowski*, 2023 WL 3961123, at *4–5. The *Grabowski* court also concluded that Title VII case law concerning alleged discrimination based on the perception that individuals do not "conform[] to traditional gender norms" applies equally to Title IX cases alleging such discrimination. *Id.* at *5–6. *Grabowski* thus provides further support for the conclusion that there is a substantial likelihood the Students will prevail on their Title IX claims. *See* Mot. for Prelim. Inj. at 19–21; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 13–14.

---

[5] A copy of the *Grabowski v. Arizona Board of Regents* decision is attached hereto as Exhibit 4.

Dated: June 16, 2023

Respectfully submitted,

 /s/ Isaac D. Chaput
Isaac D. Chaput

Jon W. Davidson (*pro hac vice*)
(admitted only in California)
American Civil Liberties Union Foundation
120 Broad Street, 18th Floor
New York, New York 10005-3919
Telephone: (323) 536-9880
Facsimile: (212) 809-0055
jondavidson@aclu.org

Paul D. Castillo (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
3500 Oak Lawn Ave., Ste. 500
Dallas, Texas 75219
Telephone: (214) 219-8585
Facsimile: (214) 481-9140
pcastillo@lambdalegal.org

Megan Lambert
Bar Number 33216
American Civil Liberties Union of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
Telephone: (405) 525-3831
Mlambert@acluok.org

Mitchell A. Kamin (*pro hac vice*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
mkamin@cov.com

Isaac D. Chaput (*pro hac vice*)
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
ichaput@cov.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I electronically filed Plaintiffs' Notice of Supplemental Authorities with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

/s/ Isaac D. Chaput
Isaac D. Chaput