IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Andrew Bridge, et al.,

    *Plaintiffs*,

v.

Oklahoma State Department of Education, et al.,

    *Defendants*.

Case No. CIV-22-787-JD

## PLAINTIFFS' AMENDED NOTICE OF SUPPLEMENTAL AUTHORITIES

Pursuant to LCvR7.1(m), Plaintiffs Andrew Bridge, Mark Miles, and Sarah Stiles (collectively, "Plaintiffs" or the "Students") respectfully provide this Amended Notice of Supplemental Authorities in connection with their pending Motion for Preliminary Injunction, filed September 29, 2022. *See* Mot. for Prelim. Inj., Dkt. 24.

In *Doe v. Ladapo*, 2023 WL 3833848 (N.D. Fla. June 6, 2023), the Northern District of Florida preliminarily enjoined enforcement of a Florida statute that prohibits minors who are transgender from receiving, and doctors from prescribing to minors who are transgender, GnRH agonists, colloquially known as "puberty blockers," to stop or delay normal puberty. *Id.* at *3.[1]

In granting the plaintiffs' motion for a preliminary injunction, the *Ladapo* court made lengthy factual findings concerning gender identity and relevant standards of care for

---

[1] A copy of the *Doe v. Ladapo* decision is attached hereto as Exhibit 1.

transgender youth. *Id.* at *1–6. These findings are relevant to facts discussed in the Students' Motion for Preliminary Injunction. *See, e.g.*, Mot. for Prelim. Inj. at 3–4.

The *Ladapo* court applied intermediate scrutiny to the plaintiffs' Equal Protection claims on multiple bases. 2023 WL 3833848, at *8–9.[2] The court went on to find that the Florida statute was not rationally related to a legitimate state interest. *Id.* at *10. *Ladapo* is relevant to the Students' Equal Protection claims. *See* Mot. for Prelim. Inj. at 12–19; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 5–13, Dkt. 62.

The Students anticipate that the State Defendants may direct the Court's attention to the recent decision in *Fowler v. Stitt*, 2023 WL 4010694 (N.D. Okla. June 8, 2023), in which the court dismissed claims brought by transgender individuals alleging that the State of Oklahoma's refusal to issue revised birth certificates consistent with their gender identity violated the Equal Protection Clause.[3] In *Fowler*, Judge John Broomes of the U.S. District Court for the District of Kansas, visiting in the Northern District of Oklahoma, applied rational basis review, relying on *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). *See Fowler*, 2023 WL 4010694, at *17–24. The U.S. Department of Justice ("DOJ") recently filed a statement of interest in *Poe v. Drummond*, No. 23-cv-177 (N.D. Okla.), offering the view that *Brown* should not preclude courts' application of intermediate

---

[2] The *Ladapo* court concluded that *Geduldig v. Aiello*, 417 U.S. 484 (1974), did not preclude the application of heightened scrutiny. 2023 WL 3883848, at *10. This aspect of the *Ladapo* decision is relevant to the Students' supplemental brief regarding *Adams v. School Board of St. Johns County*. *See* Pls.' Supplemental Br. Regarding *Adams v. School Board of St. Johns County* at 8–9, Dkt. 73.

[3] A copy of the *Fowler v. Stitt* decision is attached hereto as Exhibit 2.

scrutiny to claims asserted by transgender individuals.[4] *See* DOJ Statement of Interest at 11, 14–15. The DOJ's Statement of Interest is relevant to the Students' Equal Protection claims, to the extent the Court considers *Fowler*. *See* Mot. for Prelim. Inj. at 12–19; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 5–13.

In *Grabowski v. Arizona Board of Regents*, 2023 WL 3961123 (9th Cir. June 13, 2023), the Ninth Circuit recently applied the reasoning in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), to Title IX claims.[5] *Grabowski*, 2023 WL 3961123, at *4–6. *Grabowski* is relevant to the Students' Title IX claims. *See* Mot. for Prelim. Inj. at 19–21; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 13–14.

In *K.C. v. Individual Members of Medical Licensing Board of Indiana*, 2023 WL 4054086 (S.D. Ind. June 16, 2023), the Southern District of Indiana preliminarily enjoined enforcement of an Indiana statute that would prohibit physicians and other practitioners from providing gender transition procedures to minors, including puberty-blocking drugs and cross-sex hormone therapy. *Id.* at *1.[6]

In granting the plaintiffs' motion for a preliminary injunction, the court made factual findings concerning gender identity and relevant standards of care for transgender youth.

---

[4] A copy of the DOJ's Statement of Interest in *Poe v. Drummond* is attached hereto as Exhibit 3.

[5] A copy of the *Grabowski v. Arizona Board of Regents* decision is attached hereto as Exhibit 4.

[6] A copy of the *K.C. v. Individual Members of Medical Licensing Board of Indiana* decision is attached hereto as Exhibit 5.

*Id.* at *1–2. These findings are relevant to facts discussed in the Students' Motion for Preliminary Injunction. *See, e.g.*, Mot. for Prelim. Inj. at 3–4.

The *K.C.* court applied intermediate scrutiny to the plaintiffs' Equal Protection claims. 2023 WL 4054086, at *7–9. The court concluded that the plaintiffs had demonstrated a sufficient likelihood of success on their claim that the Indiana statute did not survive heightened scrutiny, thus violating the Equal Protection Clause. *Id.* at *9–12. *K.C.* is relevant to the Students' Equal Protection claims. *See* Mot. for Prelim. Inj. at 12–19; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 5–13.

In *Brandt v. Rutledge*, 2023 WL 4073727 (E.D. Ark. June 20, 2023), the Eastern District of Arkansas issued a permanent injunction against the State of Arkansas's enforcement of Act 626, which prohibited physicians and other healthcare professionals from providing "gender transition procedures" to minors. *Id.* at *1.[7]

In granting a permanent injunction, the *Brandt* court made lengthy factual findings concerning gender identity and relevant standards of care for transgender youth. *See, e.g.*, *id.* at *3–9. These findings are relevant to facts discussed in the Students' Motion for Preliminary Injunction. *See, e.g.*, Mot. for Prelim. Inj. at 3–4.

The *Brandt* court applied intermediate scrutiny to the plaintiffs' Equal Protection claims on multiple bases. 2023 WL 4073727, at *31. The court held that the Arkansas statute could not survive intermediate scrutiny. *Id.* at *32–35. *Brandt* is relevant to the

---

[7] A copy of the *Brandt v. Rutledge* decision is attached hereto as Exhibit 6.

Students' Equal Protection claims. *See* Mot. for Prelim. Inj. at 12–19; Pls.' Reply in Supp. of Mot. for Prelim. Inj. at 5–13.

Dated: June 21, 2023

Respectfully submitted,

 /s/ Isaac D. Chaput
Isaac D. Chaput

Jon W. Davidson (*pro hac vice*)
(admitted only in California)
American Civil Liberties Union Foundation
120 Broad Street, 18th Floor
New York, New York 10005-3919
Telephone: (323) 536-9880
Facsimile: (212) 809-0055
jondavidson@aclu.org

Megan Lambert
Bar Number 33216
American Civil Liberties Union of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
Telephone: (405) 525-3831
Mlambert@acluok.org

Paul D. Castillo (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
3500 Oak Lawn Ave., Ste. 500
Dallas, Texas 75219
Telephone: (214) 219-8585
Facsimile: (214) 481-9140
pcastillo@lambdalegal.org

Mitchell A. Kamin (*pro hac vice*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
mkamin@cov.com

Isaac D. Chaput (*pro hac vice*)
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
ichaput@cov.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 21, 2023, I electronically filed Plaintiffs' Amended Notice of Supplemental Authorities with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

                                              /s/ Isaac D. Chaput
                                              Isaac D. Chaput