IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al., <br><br> *Defendants*. | Civil Action No. 5:22-cv-787-JD <br><br> Hon. Jodi W. Dishman |

### PLAINTIFFS' MOTION FOR STATUS CONFERENCE

In light of Plaintiffs' pending Motion for Preliminary Injunction (Dkt. No. 24) and Renewed Motion for Leave To Proceed Pseudonymously (Dkt. No. 46) and the State Defendants' pending Motion To Dismiss (Dkt. No. 47) and Motion for Leave To Maintain Filed Parent Declaration Under Initials (Dkt. No. 58), Plaintiffs respectfully request that the Court schedule a status conference in this matter to discuss the status of the case and the pending motions. In support of this motion, Plaintiffs state:

1. On September 6, 2022, Plaintiffs brought a challenge to Oklahoma Senate Bill 615, codified as Okla. Stat. tit. 70, § 1-125 (2022) ("S.B. 615"), its implementing regulations, codified as Okla. Admin. Code 210:35-3-186(h), and the implementing policies and practices of the local education agency ("LEA") Defendants for violations of Plaintiffs' constitutional and statutory rights (Dkt. No. 1).

2. On September 6, 2022, Plaintiffs also filed a Motion for Leave To Proceed Pseudonymously (Dkt. No. 4). On September 12, 2022, the Court entered a Temporary Order Allowing Pseudonym Litigation (Dkt. No. 11) ("Order"), provisionally granting Plaintiffs' motion. The Order provided: "Should Movants desire to continue under pseudonyms following service of process and appearance by Defendants, then Movants shall confer with Defendants to determine whether they oppose the relief sought. Following that conference, Movants shall refile their request as a new motion, indicating whether the request is opposed or unopposed. If the relief sought is opposed, the Court will hear from Defendants before issuing a further ruling on this matter."

3. On September 29, 2022, Plaintiffs filed a Motion for Preliminary Injunction (Dkt. No. 24), which was fully briefed on February 6, 2023 (Dkt. Nos. 73, 74). This motion has been fully briefed and pending for over eight (8) months.

4. On October 25, 2022, Plaintiffs filed a Renewed Motion for Leave To Proceed Pseudonymously (Dkt. No. 46), which was fully briefed on November 21, 2022 (Dkt. No. 61). This motion has been fully briefed and pending for over eleven (11) months.

5. On October 26, 2022, the State Defendants filed a Motion To Dismiss (Dkt. No. 47), which was fully briefed on February 6, 2023 (Dkt. Nos. 73, 74). This motion has been fully briefed and pending for over eight (8) months.

6. On November 18, 2022, the State Defendants filed a Motion for Leave To Maintain Filed Parental Declaration Under Initials (Dkt. No. 58), which Plaintiffs did not oppose. This motion has been fully briefed and pending for over eleven (11) months.

7. On June 21, June 29, and August 3, 2023, Plaintiffs submitted Notices of Supplemental Authority (Dkt. Nos. 79, 80, 85) in connection with Plaintiffs' Motion for Preliminary Injunction, notifying the Court of recent federal court decisions and the position of the United States in other similar cases. Pursuant to the Court's order denying in part and granting in part the State Defendants' Motion To Strike Plaintiffs' Amended Notice of Supplemental Authority (Dkt. No. 87), on August 17, 2023, the State Defendants submitted a Notice of Supplemental Authority (Dkt. No. 88). On August 22, 2023, Plaintiffs submitted a Notice of Supplemental Authority (Dkt. No. 89) in connection with Plaintiffs' Motion for Leave To Proceed Pseudonymously, notifying the Court of a federal court decision on a similar motion in a case with similarly situated parties.

8. Plaintiffs and other students, as well as the LEA Defendants, have already begun the 2023 academic year, the second year S.B. 615 has been in effect. The need to alleviate dangerously unconstitutional learning conditions is urgent. Every day, transgender students in Oklahoma shoulder the harmful and humiliating burden of S.B. 615's targeted, discriminatory, and unequal treatment. Oklahoma unjustifiably elevates the "privacy and safety" of cisgender students over the privacy and safety of transgender students by denying students access to bathrooms consistent with their gender identity. Okla. Stat. tit. 70, § 1-125 (2022). As a result, Oklahoma

transgender students are deprived of equal opportunities for education and exposed to heightened risks of harm to their physical and psychological health.

9. The State Defendants, Noble Public Schools, and Moore Public Schools take no position on the requested status conference. Oklahoma City Public Schools and Harding Independence Charter District have no objection to Plaintiffs' motion.

10. Plaintiffs look forward to the opportunity to discuss the status of this case with the Court and respond to any questions the Court may have concerning the pending motions or other matters relevant to this case.

For the foregoing reasons, Plaintiffs respectfully request a status conference to address the status of the case and motions pending before the Court.

Dated: October 26, 2023

Respectfully submitted,

*/s/ Megan Lambert*
Megan Lambert, OBA No. 33216
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
(405) 525-3831
mlambert@acluok.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I electronically filed Plaintiffs' Motion for Status Conference with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

*/s/ Megan Lambert*
Megan Lambert