IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, et al.,<br><br>                          *Plaintiffs*,<br><br>v.<br><br>OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al.,<br><br>                          *Defendants*. | Civil Action No. 5:22-cv-787-JD<br><br>Hon. Jodi W. Dishman |

### [PROPOSED] PROTECTIVE ORDER REGARDING PSEUDONYMS

On January 12, 2024, the Court granted Plaintiffs' Renewed Motion for Leave to Proceed Pseudonymously (Doc. No. 46) and Defendants' Leave to Maintain Filed Parent Declaration Under Initials (Doc. No. 58), and directed the parties to confer and submit a proposed, agreed protective order, if such an order were necessary for the parties to exchange the names of Plaintiffs, Plaintiffs' parents and next friends, and Defendants' witness (Doc. No. 106). The Plaintiffs, State Defendants, Defendant Moore Public Schools, and Defendant Noble Public Schools jointly request entry of this Protective Order in accordance with and to effectuate the Court's ruling.

Based on the Court's January 12, 2024 Order and the agreement of the Plaintiffs, State Defendants, Defendant Moore Public Schools, and Defendant Noble Public Schools, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs referred to in the Complaint in this action as "Mark Miles" and "Sarah Stiles" may proceed in this action under the pseudonyms "Mark Miles" and "Sarah Stiles" ("Pseudonymous Plaintiffs");

2. Plaintiffs' parents and next friends may proceed in this action under the pseudonyms "Mia Miles," "Max Miles," "Steve Stiles," and "Sue Stiles" ("Pseudonymous Parents");

3. Defendants' witness may proceed in this action under the initials "R.A." (Defendants' Witness);

4. In all publicly filed documents, the Pseudonymous Plaintiffs and Pseudonymous Parents shall be identified only by their pseudonyms, and Defendants' Witness shall be identified only by their initials;

5. All documents filed with this Court that contain the present or former name of one or more Pseudonymous Plaintiffs, Pseudonymous Parents, or Defendants' Witness or contain information that identify one or more of them, directly or indirectly, ("identifying information") shall be redacted or filed under seal;

6. Defendants' Counsel of Record shall not disclose Pseudonymous Plaintiffs' or Pseudonymous Parents' identities to any person, except (a) to their employees, but only to the extent necessary to litigate this action, or (b) as otherwise explicitly authorized by any protective order subsequently entered in this action concerning discovery procedures and protection of confidential information;

7. Defendants' Counsel of Record shall ensure that persons to whom disclosure is made under paragraph 6 have read and agree to be bound by this Order and shall maintain a record of the names of such persons;

8. Plaintiffs' Counsel of Record shall not disclose Defendants' Witness's identity to any person, except (a) to their employees, but only to the extent necessary to litigate this action, or (b) as otherwise explicitly authorized by any protective order entered in this action concerning discovery procedures and protection of confidential information;

9. Plaintiffs' Counsel of Record shall ensure that persons to whom disclosure is made under paragraph 8 have read and agree to be bound by this Order and shall maintain a record of the names of such persons;

10. Under no other circumstances shall any individual to whom disclosure of Pseudonymous Plaintiffs' or Pseudonymous Parents' identities is made further disclose Pseudonymous Plaintiffs' or Pseudonymous Parents' identities, either directly or indirectly, without the written consent of Plaintiffs' counsel;

11. Under no other circumstances shall any individual to whom disclosure of Defendants' Witness's identity is made further disclose Defendants' Witness's identity, either directly or indirectly, without the written consent of Defendants' counsel;

12. To the extent this action proceeds to discovery, the parties shall meet and confer about discovery procedures and protection of confidential

information, including information pertaining to Plaintiffs and their families, including, but not limited to, personal identifying information, financial information, medical information, demographic information, the identities of persons associated with Plaintiffs or their physicians who have not already been made public in this action, and any other information that may jeopardize safety or privacy.

13. No person shall disclose identifying information to the media for any reason;

14. No person shall disclose identifying information for any reason in any courtroom proceeding, and the parties shall work collaboratively to ensure that any exhibit providing identifying information presented in any courtroom proceeding is protected from public view;

15. In the event of any disclosure of identifying information in any courtroom proceeding, the court shall instruct members of the public attending the proceeding not to disclose any identifying information. In such event, all media members in attendance will be required to provide their names to ensure no identifying information is used in any media reports; and

16. If any specific issues related to nondisclosure of the identities of Pseudonymous Plaintiffs, Pseudonymous Parents, or Defendants' Witness arise during the course of this action, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

**IT IS SO ORDERED**.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE