IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BRIDGE, et al., | ) |
| | ) |
|        Plaintiffs, | ) |
| -vs- | ) |
| | ) |
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al., | ) Case No. CIV-22-787-JD |
| | ) |
|        Defendants. | ) |

## SCHOOL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT

Harding Independence Charter District, Inc. ("HICD"), Noble Public Schools ("NPS"), Moore Public Schools ("MPS"), and Oklahoma City Public Schools ("OKCPS") (collectively "School Defendants") move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

A Rule 12(c) motion for judgment on the pleadings is treated the same as a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). "A motion proceeding under Rule 12(c) occurs only after the pleadings are closed and is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Krontz v. CNG Logistics, LLC*, No. 19-4081-SAC, 2020 WL 224525 (D. Kan. Jan. 15, 2020); *Totally Tickets v. Sentinel Ins. Co., Ltd.,* 549 F. Supp. 3d 1309, 1311 (W.D. Okla.

1

2021). Under this standard, the court accepts as true the complaint's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Schrock v. Wyeth Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013). However, the court need not accept as true legal conclusions and assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On September 6, 2022, Plaintiffs filed their Complaint against School Defendants alleging that School Defendants' policies under SB 615 violated Plaintiffs' equal protection rights outlined in the Fourteenth Amendment, U.S. Const. amend. XIV, §1, and that School Defendants discriminated against Plaintiffs in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C., § 1681 et seq. Doc. 1, ¶¶ 128-135, 138-146. The Complaint also alleged that Defendants 1-9 ("State Defendants") were liable for violating Plaintiffs' equal protection rights and rights under Title IX. *Id.* School Defendants answered Plaintiffs' Complaint and admitted that they were recipients of federal funds as alleged in Paragraph 141 of the Complaint. Docs. 32, ¶ 19 (OKCPS), 33, ¶ 29 (HICD), 35, ¶ 141 (Noble), and 39, ¶ 141 (Moore).

On September 29, 2022, Plaintiffs moved for a preliminary injunction. Doc. 24. On October 26, 2022, State Defendants moved to dismiss the Complaint on the basis that Plaintiffs could not establish a plausible cause of action for violation of Plaintiffs' equal protection rights under the Fourteenth Amendment or for violation of Title IX. Doc. 47. On November 16, 2022, School Defendants and State Defendants responded to Plaintiffs' Motion for Preliminary Injunction. Docs. 52 and 54.

On January 12, 2024, this Court issued an Order granting State Defendants' Motion to Dismiss. Doc. 107. The Court concluded that SB 615, codified as Okla. Stat. Tit. 70 §1-

125, does not violate the Equal Protection Clause of the Fourteenth Amendment. Doc. 107, pp. 7-12. The Court also concluded that SB 615 does not violate Title IX. Doc. 107, pp. 12-16.

Based on the Court's analysis and conclusions finding that Plaintiffs fail to state a cause of action against State Defendants that SB 615 violates either the Equal Protection Clause or Title IX, School Defendants move for judgment on the pleadings. The factual allegations of Plaintiffs' Complaint, viewed in the light most favorable to Plaintiffs, fail to state a cause of action against School Defendants for the same reasons as set forth in the Court's January 12, 2024 Order. Therefore, School Defendants are entitled to judgment in their favor as a matter of law with respect to all claims alleged against them.

        S/Laura L. Holmes
        Laura L. Holmes, OBA #14748
        Laura L. Holmgren-Ganz, OBA #12342
        Justin C. Cliburn, OBA #32223
        The Center For Education Law, P.C.
        900 N. Broadway, Suite 300
        Oklahoma City, OK 73102
        Telephone: (405) 528-2800
        Facsimile: (405) 528-5800
        E-Mail: LHolmes@cfel.com
        E-Mail: LGanz@cfel.com
        E-Mail: JCliburn@cfel.com
        Attorneys For Harding Independence
        Charter District, Inc. and Oklahoma City
        Public Schools

s/ Kent B. Rainey
Kent B. Rainey, OBA No. 14619
Alison A. Verret, OBA No. 20741
Adam T. Heavin, OBA No. 34966
[Signed by Filing Attorney with permission of Attorney]
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK   74103
Telephone:   (918) 585-9211
Facsimile:   (918) 583-5617
E-Mail: borainey@rfrlaw.com
E-Mail: averrett@rfrlaw.com
E-Mail: adamheavin@rfrlaw.com
Attorneys for Moore Public Schools and Noble Public Schools

## Certificate of Service

I hereby certify that on February 5, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

S/Laura L. Holmes
Laura L. Holmes