IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELI BRIDGE, on behalf of Andrew Bridge, a minor, by his next friends and parents, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-22-00787-JD ) |
| INDEPENDENT SCHOOL DISTRICT NO. 40 OF CLEVELAND COUNTY, OKLAHOMA, also known as Noble Public Schools, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

On January 12, 2024, the Court granted the Motion to Dismiss filed by the State Defendants. [Doc. No. 107]. Now before the Court is the School Defendants' Motion for Judgment on the Pleadings [Doc. No. 114]. Plaintiffs responded [Doc. No. 116], and School Defendants did not reply.

The Court reviews a motion under Federal Rule of Civil Procedure 12(c) "'under the standard of review applicable to a Rule 12(b)(6) motion to dismiss.'" *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) (quoting *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)). In reviewing a motion to dismiss, the Court "'must look for the plausibility in the complaint.'" *Id.* (quoting *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007)).

Determining plausibility is a "context-specific task" that requires the judge to use her "experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The

concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191–92 (10th Cir. 2009) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Court already determined that, under the relevant law and assuming the truth of their allegations, Plaintiffs are not entitled to relief against the State Defendants. Although they disagree with the Court's decision, Plaintiffs recognize that the reasoning of the Court's Order of January 12, 2024 "applies equally to Plaintiffs' claims against the School Defendants." [Doc. No. 116 at 2]. Therefore, the Court grants the School Defendants' Motion for the same reasons it granted the State Defendants' Motion to Dismiss. *See* [Doc. No. 107].

IT IS SO ORDERED this 22nd day of March 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE